UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF INDIANA

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
2016 JUN -9 PM 4:39
SOUTHERN DISTRICT
OF INDIANA
CLERK

| | |
|---|---|
| CHRISTOPHER "CHRIS" WAYNE FILLMORE, AN INDIVIDUAL<br><br>PLAINTIFF,<br><br>V.<br><br>JASON BLUM INDIVIDUALLY AND/OR D/B/A BLUMHOUSE PRODUCTIONS, A PROPRIETORSHIP;<br>JEANETTE BRILL INDIVIDUALLY AND/OR D/B/A BLUMHOUSE PRODUCTIONS, A PROPRIETORSHIP, AND/OR CATCHLIGHT FILMS, A PROPRIETORSHIP;<br>LUKE DAWSON INDIVIDUALLY;<br>MATTHEW KAPLAN INDIVIDUALLY AND/OR D/B/A CHAPTER ONE FILMS, A PROPRIETORSHIP, AND/OR AWESOMENESS FILMS, A PROPRIETORSHIP;<br>ROBYN MARSHALL INDIVIDUALLY AND/OR D/B/A CHAPTER ONE FILMS, A PROPRIETORSHIP;<br>JIMMY MILLER INDIVIDUALLY AND/OR D/B/A MOSAIC MANAGEMENT & PRODUCTION, A PROPRIETORSHIP;<br>RICK OSAKO INDIVIDUALLY AND/OR D/B/A CATCHLIGHT FILMS, A PROPRIETORSHIP;<br>JEREMY SLATER, INDIVIDUALLY;<br>CODY ZWIEG INDIVIDUALLY AND/OR D/B/A SUPERGRAVITY PICTURES, A PROPRIETORSHIP;<br>& DOES 1-10 INCLUSIVE<br><br>DEFENDANTS. | COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR PROPER REDRESS<br><br>1:16-cv-1423 SEB -MPB<br><br>CASE NO.<br><br>DEMAND FOR TRIAL BY JURY |

I, CHRISTOPHER "CHRIS" WAYNE FILLMORE — represented in the above-entitled matter PRO SE and from henceforth referenced as, unless otherwise indicated: "PLAINTIFF" — aver as follows:

-1-
COMPLAINT

## GENERAL AVERMENTS

1. PLAINTIFF brings this action seeking to put an immediate stop to and obtain proper redress for the parties — aforementioned in the above-entitled matter and from henceforth referenced as, unless otherwise indicated: "DEFENDANTS" — blatant and purposeful infringement of PLAINTIFF'S copyright.

2. Defendants are, in one capacity or another, involved in the motion picture industry; and have created and publicized and/or facilitated with the creation and publication of a movie entitled *The Lazarus Effect* (from henceforth referenced as, unless otherwise indicated: "**Infringing Work**").

3. Infringing Work prominently features numerous and significant similarities that can be observed between it and PLAINTIFF'S literary work entitled *Laza[u]ri Taxa* (from henceforth referenced as, unless otherwise indicated: "**Infringed Work**"); similarities that are beyond what can be factually or otherwise arguably marginalized as coincidental or simply elements of *de minis*.

4. DEFENDANTS have enjoyed the success of Infringing Work; which has, both severally and communally,

    a) boosted their wealth;
    b) contributed to financing future projects; and
    c) proliferated their credibility amongst their peers within the motion picture industry.

5. PLAINTIFF avers, and on that basis believes, that by reference of Paragraphs 1 through 5 inclusive and therein, DEFENDANTS' conduct is causing enormous and irreparable harm to PLAINTIFF, and is therefore entitled to injunctive relief and redress for DEFENDANT'S willful, intentional and purposeful use and exploitation of Infringed Work for their own financial and/or professional benefit.

## JURISDICTION AND VENUE

6. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, et seq.

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and

1338(a).

8. This Court has personal jurisdiction over this action — for the PLAINTIFF resides, maintains connections, and/or can be served notice of legal proceedings within the geographical location of this particular Court.

9. This Court has diversity jurisdiction over this action pursuant to Article III and 28 U.S.C. § 1332 because, upon information and belief, DEFENDANTS are and/or in times past have been residents and/or have done business in the State of California. Furthermore, this Complaint seeks to substantiate and recover a monetary amount in excess of seventy-five thousand dollars ($75,000).

10. Venue is proper within this district pursuant to 28 U.S.C. §§ 1391(b) and (c), and/or § 1400(a).

### THE PARTIES

11. PLAINTIFF CHRIS FILLMORE is resident of the State of Indiana, city of Indianapolis. Mr. FILLMORE works full time within the Metropolitan School District of Washington Township. In his spare time, among other things, Mr. FILLMORE is a writer who has been active as such for nearly twenty (20) years. Mr. FILLMORE is the sole author and legal and/or beneficial owner of a copyright interest in and to Infringed Work.

12. On information and belief, DEFENDANT JASON BLUM is founder of BLUMHOUSE PRODUCTIONS: a company organized within, existing under the laws of, and whose business transactions originate from the State of California, Los Angeles County. The address on file for Mr. BLUM is c/o BLUMHOUSE PRODUCTIONS: 2401 Beverly Blvd, Los Angeles, CA 90057. Mr. BLUM is so-credited underneath FILMMAKERS & CREW from the movie's IMDB page as PRODUCER on Infringing Work.

13. On information and belief, DEFENDANT JEANETTE BRILL is Head of Physical Production for BLUMHOUSE PRODUCTIONS: a company organized within, existing under the laws of, and whose business transactions originate from the State of California, Los Angeles County. The address on file for Ms. BRILL is c/o BLUMHOUSE PRODUCTIONS: 2401 Beverly Blvd, Los Angeles, CA 90057. Ms. BRILL is so-credited underneath

FILMMAKERS & CREW from the movie's IMDB page as EXECUTIVE PRODUCER on Infringing Work.

14. On information and belief, DEFENDANT LUKE DAWSON is a writer/actor/producer whose residency is the State of California, Los Angeles County. Mr. DAWSON is so-credited underneath FILMMAKERS & CREW from the movie's IMDB page as EXECUTIVE PRODUCER and CO-WRITER of Infringing Work. PLAINTIFF was unable to attain address information for Mr. DAWSON.

15. On information and belief, DEFENDANT MATTHEW KAPLAN is President (Executive) for AWESOMENESS FILMS: a company organized within, existing under the laws of, and whose business transactions originate from the State of California, Los Angeles County. The address on file for Mr. KAPLAN is c/o AWESOMENESS FILMS: 11821 Mississippi Ave., Los Angeles, CA 90025. Mr. KAPLAN is so-credited underneath FILMMAKERS & CREW from the movie's IMDB page as PRODUCER on Infringing Work.

16. On information and belief, DEFENDANT ROBYN MARSHALL is, and at all times material herein was, Executive Vice President for CHAPTER ONE FILMS: a company organized within, existing under the laws of, and whose business transactions originate from the State of California, Los Angeles County. The address on file for Ms. MARSHALL is c/o AWESOMENESS FILMS: 11821 Mississippi Ave., Los Angeles, CA 90025. Ms. MARSHALL is so-credited underneath FILMMAKERS & CREW from the movie's IMDB page as CO-PRODUCER on Infringing Work.

17. On information and belief, DEFENDANT JIMMY MILLER is, and at all times material herein was, Executive Partner for MOSAIC MANAGEMENT & PRODUCTION: a company organized within, existing under the laws of, and whose business transactions originate from the State of California, Los Angeles County. The address on file for Mr. MILLER is c/o MOSIAC: 9200 W Sunset Blvd., 10th Fl., Los Angeles, CA 90069. Mr. MILLER is so-credited underneath FILMMAKERS & CREW from the movie's IMDB page as PRODUCER on Infringing Work.

18. On information and belief, DEFENDANT RICK OSAKO is, and at all times material herein

| | |
|---|---|
| 1 | was, Executive Producer for CATCHLIGHT FILMS: a company organized within, existing under the laws of, and whose business transactions originate from the State of California, city of Marina Del Ray. The address on file for Mr. OSAKO is c/o CATCHLIGHT FILMS: 14020 Captains Row, # 301, Marina Del Rey, CA, 90292 Mr. OSAKO is so-credited underneath FILMMAKERS & CREW from the movie's IMDB page as CO-PRODUCER on Infringing Work. |

19. On information and belief, DEFENDANT JEREMY SLATER is, and at all times material herein was, a writer/producer whose citizenship and residency of business is the State of California, Los Angeles County. The address on file for Mr. SLATER is c/o KAPLAN/PERRONE ENTERTAINMENT: 280 S Beverly Dr., Ste. 513, Beverly Hills, CA 90212. Mr. SLATER is so-credited underneath FILMMAKERS & CREW from the movie's IMDB page as CO-WRITER of Infringing Work.

20. On information and belief, DEFENDANT CODY ZWIEG is, and at all times material herein was, Executive of Production & Development for SUPERGRAVITY PICTURES: a company organized within, existing under the laws of, and whose business transactions originate from the State of California, Culver City. The address on file for Mr. ZWIEG is c/o SUPERGRAVITY PICTURES: 300 Corporate Pointe, Suite 465, Culver City, CA 90230. Mr. ZWIEG is so-credited underneath FILMMAKERS & CREW from the movie's IMDB page as PRODUCER on the Infringing Work.

21. The true names and capacities, whether individual, corporate, associate, or otherwise, of DEFENDANTS sued herein as DOES 1 through 10, are unknown to PLAINTIFF, who therefore sue said DEFENDANTS by such fictitious names (the "DOE DEFENDANTS"). PLAINTIFF will seek leave of Court to amend this Complaint to state their true names and capacities when they have been ascertained.

22. PLAINTIFF believes, and on that basis avers, the DOE DEFENDANTS are liable to PLAINTIFF as a result of their participation in all or some of the acts hereinafter set forth. JASON BLUM, JEANETTE BRILL, LUKE DAWSON, MATTHEW KAPLAN, ROBYN MARSHALL, JIMMY MILLER, RICK OSAKO, JEREMY SLATER, CODY ZWIEG individually and/or

d/b/a their respective proprietorships aforementioned, and the DOE DEFENDANTS are referred to collectively herein as "DEFENDANTS."

23. PLAINTIFF believes, and on that basis avers, that at all times mentioned in this Complaint, each of the DEFENDANTS was the agent and/or alter ego of each of the other DEFENDANTS and, in doing the things alleged in this Complaint — to include but certainly not limited to: reproducing, distributing, and/or making publicly available (and/or causing to be reproduced, distributed, and/or made publicly available) Infringing Work — was acting within the course and scope of such agency and/or individually, and are liable to PLAINTIFF as a result of their participation in all or some of the acts hereinafter set forth.

## GENERAL AVERMENTS

24. In or around 2004 to 2005, PLAINTIFF created Infringed Work; and in no time before copyright registration was filed had it been released to the public.

25. In or around the early part of 2006, PLAINTIFF filed an application for copyright registration with the United States Copyright Office for Infringed Work, and was issued certification on August 21, 2006[1], and on October 17, 2008[2].

26. On or after August 21, 2006, and continuing well into 2013, via electronic and traditional mail, PLAINTIFF solicited a number of literary and talent agents, management companies, and publishers, etc., whose residence and/or place of business existed on both the east and west coast of the United States. Most, if not all of those instances included the enclosure of Infringed Work in the form of a synopsis, sample chapters, or the entire manuscript.

27. It was also during the aforementioned time where Infringed Work was made commercially available through a POD (print on demand) publisher **lulu.com**.

28. Furthermore, digital or hard copies of Infringed Work were disseminated to family, friends, associates, pay-for-critique services, and in one instance an editor for hire.

29. On or around the early part of February 2015, PLAINTIFF was made aware of the existence of DEFENDANTS' Infringing Work by way of, among other things, their social media campaign.

---

[1] Fillmore, Chris; at the time titled as: *Necrostory*; TXu001317404
[2] Fillmore, Christopher Wayne; for the sequel at the time entitled: ***Lazarui Taxa (First Days)***; TXu001684502

30. On February 27, 2015, PLAINTIFF then attended a pre-release screening of Infringing Work; whereupon watching, PLAINTIFF'S suspicions were raised regarding possible copyright infringement.

31. From March until October 2015, PLAINTIFF conducted an investigation that included, but was certainly not limited to:
    - an in-depth analysis of the similarities observed between the two works;
    - the general history of Infringing Work;
    - retracing and therefore establishing Infringed Work's chronology; and
    - any available recourse regarding this matter.

32. Through such discovery, upon information and belief, PLAINTIFF discovered Infringing Work was copyrighted in as early as 2013.[3]

33. In December 2015, and again in January 2016, PLAINTIFF furnished written notice to DEFENDANT JASON BLUM about his suspicions about Infringing Work, and that it furthermore constitutes infringement of PLAINTIFF'S rights. PLAINTIFF also demanded that DEFENDANT JASON BLUM immediately cease and desist any further use of and/or profiteering from Infringing Work.

34. On January 9, 2016, DEFENDANT JASON BLUM sent PLAINTIFF a form letter, all but refuting his claims.

### COUNT I: COPYRIGHT INFRINGEMENT
(17 U.S.C. §§ 106 and 501)
(By PLAINTIFF against DEFENDANTS)

35. PLAINTIFF incorporates herein by this reference each and every averment contained in Paragraphs 1 through 34, inclusive.

36. Through their conduct averred herein, DEFENDANTS have infringed PLAINTIFF'S copyright in the Infringed Work in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

---

[3] Type of Work: Recorded Document, Document Number: V9905D271, Date of Recordation: 2013-06-17, Entire Copyright Document: V9905 D271 P1-8, Date of Execution: as of 29May13, Title: Reawakening; screenplay/motion picture / By Luke Dawson, Notes: Copyright mortgage and assignment, Party 1: City National Bank, Party 2: Back to Life Productions, LLC* (This company is one of many owned by/associated with DEFENDANT JASON BLUM.)

37. DEFENDANTS' acts of infringement are willful, intentional and purposeful, in disregard of and with indifference to PLAINTIFF'S rights.

38. As a direct and proximate result of said infringement by DEFENDANTS, PLAINTIFF is entitled to damages in an amount indicated above or an award to be proven at trial.

39. PLAINTIFF is also entitled to DEFENDANTS' profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits.

40. As a direct and proximate result of the foregoing acts and conduct, PLAINTIFF has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. PLAINTIFF believes, and on that basis avers, that unless enjoined and restrained by this Court, DEFENDANTS will continue to infringe PLAINTIFF'S rights in the Infringed Work. PLAINTIFF is entitled to preliminary and permanent injunctive relief to restrain and enjoin DEFENDANTS' continuing infringing conduct.

## RELIEF

41. WHEREFORE, PLAINTIFF prays for judgment against DEFENDANTS, and each of them, jointly and severally, as follows:

   i) For damages in such amount taken from DEFENDANTS' total Worldwide box office gross[4] that is proportionate to where similarities over originality between both Works have been brought forth in this Complaint (or as may be found by the Court, or as otherwise permitted by law).

   ii) Royalties in the amount of ten percent (10%) from the proceeds generated — domestically and internationally — from any and all online distribution sources, and/or any and all physical media sales (or as may be found by the Court, or as otherwise permitted by law).

   iii) For an accounting of, and the imposition of constructive trust with respect to, DEFENDANTS' profits attributable to their infringements of PLAINTIFFS' copyright in

---

[4] http://pro.imdb.com/title/tt2918436/boxoffice?ref_=tt_nav_dtl_bo ($25,799,043 US domestic gross, as of June 5, 2015)

the Infringed Work.

iv) For prejudgment interest as may be found by the Court, or as otherwise permitted by law.

v) A "Based on the novel ***Lazari Taxa*** by…" and/or Co-Writer credit annexed to the Infringed Work, and from thereon recognized as such.

vi) Claim to a share in the rights of the Infringed Work quantified into a percentage that is proportionate to where similarities over originality between both Works have been brought forth in this Complaint (or as may be found by the Court, or as otherwise permitted by law).

vii) For such other and further relief as the Court may deem just and proper.

Respectfully submitted on:

Tuesday, June 7, 2016

Chris Fillmore, pro se

713 W. 31st St.
Indianapolis, IN 46208
317-209-5509