1  CHRIS FILLMORE

2  713 W. 31ST ST.

3  INDIANAPOLIS, IN 46208

4  (317) 209-5509

5  <u>UNITED STATES DISTRICT COURT</u>

6  <u>CENTRAL DISTRICT OF CALIFORNIA</u>

7

8  CHRISTOPHER "CHRIS" WAYNE FILLMORE, AN INDIVIDUAL        AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR PROPER REDRESS

9

10                 Plaintiff,

      V.
11

12  LIONSGATE FILMS

    JASON BLUM INDIVIDUALLY AND/OR
13  D/B/A BLUMHOUSE PRODUCTIONS, A
    PROPRIETORSHIP;

14  JEANETTE BRILL INDIVIDUALLY
    AND/OR D/B/A BLUMHOUSE
15  PRODUCTIONS, A PROPRIETORSHIP;

16  LUKE DAWSON INDIVIDUALLY;

    MATTHEW KAPLAN INDIVIDUALLY
17  AND/OR D/B/A CHAPTER ONE FILMS, A        CASE NO. 2:16-CV-04348-AB-SS
    PROPRIETORSHIP;

18
    ROBYN MARSHALL INDIVIDUALLY
19  AND/OR D/B/A CHAPTER ONE FILMS, A
    PROPRIETORSHIP;

20  JIMMY MILLER INDIVIDUALLY
    AND/OR D/B/A MOSAIC MANAGEMENT
21  & PRODUCTION, A PROPRIETORSHIP;

22  RICK OSAKO INDIVIDUALLY AND/OR
    D/B/A CATCHLIGHT FILMS, A
23  PROPRIETORSHIP;

24  JEREMY SLATER, INDIVIDUALLY;

    CODY ZWIEG INDIVIDUALLY;
25  & DOES 1-10 INCLUSIVE        DEMAND FOR TRIAL BY JUDGE

26                 Defendants.

27

28

-1-
COMPLAINT

CHRISTOPHER WAYNE FILLMORE — Plaintiff in the above-entitled matter and represented in pro per — aver as follows:

## A. INTRODUCTION

1. Plaintiff brings this action seeking to put an immediate stop to and obtain proper redress for the above-named Defendants' blatant and purposeful infringement of Plaintiff's copyright.

2. Defendants are, in one capacity or another, involved in the motion picture industry; and have created and publicized and/or facilitated with the creation and publication of a movie entitled ***The Lazarus Effect*** ("Infringing Work").

3. Infringing Work prominently features numerous and significant similarities that are beyond what can be factually argued as mere elements of de minis or otherwise marginalized as coincidental, when observed between it and Plaintiff's literary work entitled ***Laza[u]ri Taxa*** ("Infringed Work").

4. Defendants, severally and communally, have enjoyed the success of Infringing Work, which has a) boosted their wealth, b) contributed to financing future projects, and c) proliferated their professional credibility within their respective industry, among other things.

5. Plaintiff avers, and on that basis, believes, by reference of Paragraphs 1 through 4 inclusive and therein, Defendants' conduct is causing enormous and irreparable harm to Plaintiff, and he is therefore entitled to injunctive relief and redress for Defendants' willful, intentional and purposeful use and exploitation of Infringed Work for their own financial and/or professional benefit.

## B. JURISDICTION AND VENUE

6. Subject matter jurisdiction and venue exist, in whole and/or in part, pursuant to the following federal statutes: a) 17 U.S.C. § 101, et seq., and 28 U.S.C. § 1338, as the complaint alleges copyright infringement; b) 28 U. S. C. § 1332, as there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of costs and interest; c) 28 U.S.C. § 1331, as the complaint

alleges federal questions; d) 28 3 U.S.C. §§ 2201-2202, as the complaint seeks a declaratory judgment; e) to the extent this Court lacks original jurisdiction to hear any claim, the Court has supplemental jurisdiction over the claim pursuant to 28 U.S.C. § 1367(a), as the claim is so relates for which original jurisdiction with this Court lies that they form part of the same case or controversy under Article III of the United States Constitution.

7.     Venue is proper within this district pursuant to 28 U.S.C. §§ 1391(b), (c), and/or § 1400(a).

### C. THE PARTIES

8.     Plaintiff CHRIS FILLMORE is resident of the State of Indiana, city of Indianapolis. MR. FILLMORE works full time within the Metropolitan School District of Washington Township. In his spare time, among other things, MR. FILLMORE is a writer who has been active as such for nearly twenty (20) years. MR. FILLMORE is the sole author and legal and/or beneficial owner of a copyright interest in and to Infringed Work.

9.     On information and belief, Defendant LIONSGATE is, and at all times material herein was, a company organized within, existing under the laws of, and whose business transactions originate from the State of California, Los Angeles County. LIONSGATE is engaged in the production and distribution of motion picture films, as well the commercial exploitation of motion picture films by and through physical and digital media and other alternative delivery vehicles, both domestically and internationally. LIONSGATE is so-credited as a PRODUCTION COMPANY of the Infringing Work.

10.     On information and belief, Defendant JASON BLUM is, and at all times material herein was, a producer of motion pictures and CEO of BLUMHOUSE PRODUCTIONS: a production company of motion pictures organized within, existing under the laws of, and whose business transactions originate from the State of California, Los Angeles County. MR. BLUM is so-

credited underneath FILMMAKERS & CREW from the movie's IMDB page as PRODUCER on Infringing Work and BLUMHOUSE PRODUCTIONS is so-credited as a PRODUCTION COMPANY of the Infringing Work.

11.     On information and belief, Defendant JEANETTE BRILL is, and at all times material herein was, Head of Physical Production for BLUMHOUSE PRODUCTIONS: a company organized within, existing under the laws of, and whose business transactions originate from the State of California, Los Angeles County. Ms. BRILL is so-credited underneath FILMMAKERS & CREW from the movie's IMDB page as EXECUTIVE PRODUCER on Infringing Work.

12.     On information and belief, Defendant LUKE DAWSON is, and at all times material herein was, a writer/actor/producer of motion pictures whose residency is the State of California, Los Angeles County. MR. DAWSON is so-credited underneath FILMMAKERS & CREW from the movie's IMDB page as EXECUTIVE PRODUCER and CO-WRITER of the Infringing Work.

13.     On information and belief, Defendant MATTHEW KAPLAN is, and at all times material herein was, Principal/President for CHAPTER ONE FILMS: a production company of motion pictures organized within, existing under the laws of, and whose business transactions originate from the State of California, Los Angeles County. MR. KAPLAN is so-credited underneath FILMMAKERS & CREW from the movie's IMDB page as PRODUCER on Infringing Work and CHAPTER ONE FILMS is so-credited as a PRODUCTION COMPANY of the Infringing Work.

14.     On information and belief, Defendant ROBYN MARSHALL is, and at all times material herein was, Executive Vice President for CHAPTER ONE FILMS: a company organized within, existing under the laws of, and whose business transactions originate from the State of California, Los Angeles County. Ms. MARSHALL is so-credited underneath FILMMAKERS & CREW from the movie's IMDB page as CO-PRODUCER on Infringing Work.

15.     On information and belief, Defendant JIMMY MILLER is, and at all times material herein was, Executive Partner for MOSAIC MANAGEMENT & PRODUCTION: a company organized within, existing under the laws of, and whose business transactions originate from the State of California, Los Angeles County. MR. MILLER is so-credited underneath FILMMAKERS & CREW from the movie's IMDB page as PRODUCER of Infringing Work and MOSAIC MANAGEMENT & PRODUCTION is so-credited as a PRODUCTION COMPANY of the Infringing Work.

16.     On information and belief, Defendant RICK OSAKO is, and at all times material herein was, a producer of motion pictures whose citizenship and residency of business is the State of California, Los Angeles County. MR. OSAKO is so-credited underneath FILMMAKERS & CREW from the movie's IMDB page as CO-PRODUCER of Infringing Work.

17.     On information and belief, Defendant JEREMY SLATER is, and at all times material herein was, a writer/producer of motion pictures whose citizenship and residency of business is the State of California, Los Angeles County. MR. SLATER is so-credited underneath FILMMAKERS & CREW from the movie's IMDB page as CO-WRITER of Infringing Work.

18.     On information and belief, Defendant CODY ZWIEG is, and at all times material herein was, a producer of motion pictures whose citizenship and residency of business is the State of California, Los Angeles County. MR. ZWIEG is so-credited underneath FILMMAKERS & CREW from the movie's IMDB page as PRODUCER on the Infringing Work.

19.     The true names and capacities — whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 through 10 — are unknown to Plaintiff, who therefore sue said Defendants by such fictitious names (the "DOE DEFENDANTS"). Plaintiff will seek leave of Court to amend this Complaint to state their true names and capacities when they have been ascertained.

20.     Plaintiff believes, and on that basis, avers, the DOE DEFENDANTS are liable to Plaintiff as a result of their participation in all or some of the acts hereinafter set forth. LIONSGATE, JASON BLUM, JEANETTE BRILL, LUKE DAWSON, MATTHEW KAPLAN, ROBYN MARSHALL, JIMMY MILLER, RICK OSAKO, JEREMY SLATER, CODY ZWIEG individually and/or d/b/a their respective proprietorships aforementioned, and the DOE DEFENDANTS are referred to collectively herein as "Defendants."

21.     Plaintiff believes, and on that basis avers, that at all times mentioned in this Complaint, each of the Defendants was the agent and/or alter ego of each of the other Defendants and, in doing the things alleged in this Complaint — to include but certainly not limited to: reproducing, distributing, and/or making publicly available (and/or causing to be reproduced, distributed, and/or made publicly available) Infringing Work — was acting within the course and scope of such agency and/or individually, and are liable to Plaintiff as a result of their participation in all or some of the acts hereinafter set forth.

## D. GENERAL AVERMENTS

22.     In or around 2004 to 2005, Plaintiff originated, created, and/or otherwise developed a literary and artistic work consisting of a manuscript entitled *Laza[u]ri Taxa*.

23.     In or around the early part of 2006, Plaintiff filed an application for copyright registration with the United States Copyright Office for Infringed Work, and was issued certification on August 21, 2006 (Fillmore, Chris; at the time titled as: *Necrostory*; TXu001317404), and on October 17, 2008 (Fillmore, Christopher Wayne; for the sequel at the time entitled: *Lazarui Taxa (First Days)*; TXu001684502); and in no time before copyright registration was filed had it been released to the public.

24.     On or after August 21, 2006, and continuing well into ca. 2013, via electronic and traditional mail, Plaintiff solicited a number of literary and talent

agents, management companies, and publishers, etc., whose residence and/or place of business existed on both the east and west coast of the United States. Most, if not all of those instances included the enclosure of Infringed Work in the form of a synopsis, sample chapters, and/or the entire manuscript.

25.     It was also during the foregoing time where Infringed Work was made commercially available through a POD (print on demand) publisher **lulu.com**; and furthermore, digital and/or hard copies of Infringed Work were disseminated to family, friends, associates, pay-for-critique services, and in one instance an editor-for-hire.

26.     On or around the early part of February 2015, Plaintiff was made aware of the existence of Defendants' Infringing Work by way of, among other things, their social media campaign.

27.     On February 27, 2015, Plaintiff then attended a pre-release screening of Infringing Work; whereupon watching, Plaintiff's suspicions were raised regarding the possibility that the Infringing Work was based and formulated in substantial part upon Infringed Work.

28.     From March until October 2015, Plaintiff conducted an investigation that included, but was certainly not limited to:

      a.  an in-depth analysis of the similarities observed between the two works;

      b.  the general history of Infringing Work;

      c.  retracing and therefore establishing Infringed Work's chronology; and

      d.  any available recourse regarding this matter.

29.     Through such discovery, among other things, Plaintiff discovered Infringing Work may have been registered for copyright protection in as early as 2013. (Type of Work: Recorded Document, Document Number: V9905D271, Date of Recordation: 2013-06-17, Entire Copyright Document: V9905 D271 P1-8, Date of Execution: as of 29May13, Title: Reawakening; screenplay/motion picture / By

1  Luke Dawson, Notes: Copyright mortgage and assignment, Party 1: City National

2  Bank, Party 2: Back to Life Productions, LLC* (This company is one of many

3  owned by and/or associated with DEFENDANT JASON BLUM.))

4      30.    In December 2015, and again in January 2016, Plaintiff furnished

5  written notice to Defendant JASON BLUM regarding his suspicions about

6  Infringing Work, and that it furthermore constitutes infringement of Plaintiff's

7  rights. Plaintiff also demanded that Defendant BLUM immediately cease and desist

8  any further use of and/or profiteering from Infringing Work.

9      31.    On January 9, 2016, Defendant BLUM sent Plaintiff a form "rejection"

10  letter, otherwise not addressing the claim.

11      **E.  COUNT I: COPYRIGHT INFRINGEMENT**

12      32.    Plaintiff incorporates herein by this reference each and every averment

13  contained in Paragraphs 1 through 31, inclusive.

14      33.    Through their conduct averred herein, Defendants have infringed

15  Plaintifif's copyright in the Infringed Work in violation of 17 U.S.C. § 101, et seq.,

16  and 28 U.S.C. § 1338.

17      34.    Defendants' acts of infringement are willful, intentional and

18  purposeful, in disregard of and with indifference to Plaintiff's rights.

19      35.    As a direct and proximate result of said infringement by Defendants,

20  Plaintiff is entitled to damages in an amount indicated above or an award to be

21  proven at trial.

22      36.    Plaintiff is also entitled to Defendants' profits attributable to the

23  infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a

24  constructive trust with respect to such profits.

25      37.    As a direct and proximate result of the foregoing acts and conduct,

26  Plaintiff has sustained and will continue to sustain substantial, immediate, and

27  irreparable injury, for which there is no adequate remedy at law. Plaintiff believes,

28  and on that basis, avers, that unless enjoined and restrained by this Court,

Defendants will continue to infringe Plaintiff's rights in the Infringed Work. Plaintiff is entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

### F. RELIEF

38.   **WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them, jointly and severally, as follows:

a.   For damages in such amount taken from Defendants' total Worldwide box office gross (http://pro.imdb.com/title/tt2918436/boxoffice?ref_=tt_nav_dtl_bo ($25,799,043 US domestic gross, as of June 5, 2015)) that is proportionate to where similarities over originality between both Works have been brought forth in this Complaint (or as may be found by the Court, or as otherwise permitted by law).

b.   Royalties in the amount of ten percent (10%) from the proceeds generated — domestically and internationally — from any and all online distribution sources, and/or any and all physical media sales (or as may be found by the Court, or as otherwise permitted by law).

c.   For an accounting of, and the imposition of constructive trust with respect to, Defendants' profits attributable to their infringements of Plaintiffs' copyright in the Infringed Work.

d.   For prejudgment interest, as may be found by the Court, or as otherwise permitted by law.

e.   For such other and further relief as the Court may deem just and proper.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted on:
Friday, February 17, 2017
Chris Fillmore, pro se

/s/ Chris Fillmore

713 W. 31st St.
Indianapolis, IN 46208
317-209-5509