CHRIS FILLMORE

713 W. 31ST ST.

INDIANAPOLIS, IN 46208

(317) 209-5509

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| CHRIS FILLMORE, | CASE NO. 2:16-CV-04348-AB-SS |
|---|---|
| Plaintiff, | |
| v. | |
| LIONSGATE FILMS, ET AL, | MOTION FOR RECONSIDERATION & MEMORANDUM OF POINTS AND AUTHORITIES |
| Defendants. | |

Pursuant to Local Rule 7-18, Plaintiff in the above-entitled action, respectfully moves the Court to reconsider their Order on Defendant's Fed. Rule 12 Motion to Dismiss [dkt. 94] on the basis that he was placed in a hopeless position of pleading the entirety of his case pursuant to a heightened and otherwise misemployed pleading standard, and without enjoined disclosure from Defendant; whereby, rendering all but futile successfully demonstrating before the Court the merit of his claim.

As noted in the record, Plaintiff filed notice reserving his right to appeal to the higher court, but before doing so, he wanted to see if he could appeal to Your Honor directly by and through the foregoing motion. Opposing council was also contacted by email on July 14, 2017, regarding Plaintiff's intent and basis for the foregoing motion, and they object.

## I. Introduction

Let it be also noted that among other things, <u>Plaintiff did not bring before the Court a frivolous or otherwise meritless claim</u>; and, above all, he is disheartened to see that his is now considered to be amongst that collective. He was, is, and for the foreseeable future, will be in the precarious position of reserving the right to have heard the injury in which he alleges, juxtaposed against his inability to retain adequate representation to act on his behalf. Of which, should not have proven fatal to his self-representation. Again, the Court's ruling as it stands gives him no other impression than the foregoing.

This was/is an inherently complex and patently subjective matter regarding Defendant's alleged infringement of Plaintiff's copyright. As such, it goes without saying that the application of close and careful consideration of a "fully pled" case is paramount. It is, therefore, Plaintiff's chief contention that this was not the case here, especially when it is evidenced that the matter was summarily disposed at such a preliminary stage in these proceedings. In sum, without the privy vis-à-vis discovery, Plaintiff was expected to present all of his evidence, and Defendant was entrusted to disclose all of theirs. All of which, *never should have been* in the first place, given that, among other things, Plaintiff was entitled to a liberal construal of his pleading(s) that would've otherwise foreclosed any form of a Fed Rule 12 dismissal.

## II. Argument

Both the right to proceed pro se and liberal pleading standards reflect the modern civil legal system's emphasis on protecting access to courts.[1] Self-representation has firm roots in the notion that all individuals, no matter their status

---

[1] *See, e.g.*, Phillips v. Cnty. of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008) ("Few issues . . . are more significant than pleading standards, which are the key that opens access to courts."); Drew A. Swank, *In Defense of Rules and Roles: The Need to Curb Extreme Forms of Pro Se Assistance and Accommodation in Litigation*, 54 AM. U. L. REV. 1537, 1546 (2005) (noting that "[o]pen access to the courts for all citizens" is one of the principles upon which the right to prosecute one's own case is founded).

or wealth, are entitled to air grievances for which they may be entitled to relief.[2] Similarly, because pleading is the gateway by which litigants access federal courts, the drafters of the Federal Rules of Civil Procedure purposefully eschewed strict sufficiency standards.[3]

On that basis, Plaintiff inequitably made to plead the entirety of his case solely on his actuating pleadings and threadbare evidence undercuts access and the very right of "airing his grievances" and it is, thus, his belief that the Court's Order to Dismiss on the Defendant's Rule 12 Motion was misemployed for the following reasons: (a) As a pro se litigant, he was entitled to a less rigorous pleading standard; thus, (b) the more lenient interpretation of his complaint, which would've summarily foreclosed Defendant's move for dismissal (specifically, as it relates to Fed. Rule 12(b)(6) and/or 12(c)), was not applied. (c) Defendant's tactful, excessive and overall misuse of judicial notice in addition to their (d) intrinsic immunity from discovery led to (e) Plaintiff becoming unduly burdened with having to meet a higher pleading standard, among other things.

### III. Points and Authorities

**A. Pro se Plaintiff was entitled to a less rigorous pleading standard**

Based on his ongoing understanding and application of civil proceedings (in this instance, Fed. Rule 8) Plaintiff's pleading had to essentially convey a clear and concise "beginning, middle and end" construct, similar to a short story. While he can, admittedly, at times be verbose, he doesn't believe that his pleading (more specifically, his original and/or amended complaint) missed the mark regarding minimally, "stating a claim upon which relief could be granted." On the other hand, nor was it so incoherent that the basis of his claim could not be discerned no matter how many revisions he was afforded.

---

[2] *See* Swank, *supra* note 1, at 1546 (discussing the importance of self-representation to the fundamental precept of equality before the law).

[3] *See Proceedings of the Institute on Federal Rules* (1938) (statement of Edgar Tolman), *reprinted in* RULES OF CIVIL PROCEDURE FOR THE DISTRICT COURTS OF THE UNITED STATES 301-13 (William W. Dawson ed., 1938).

### B. More lenient interpretation of Plaintiff's complaint…

Nevertheless, he was entitled to have his pleadings viewed with a more liberal construal. This is also even in spite of the Court's contention that Plaintiff's complaint was chockfull of conclusory statements.

> "The Supreme Court's instruction that 'conclusory' facts not be presumed true when determining a claim's plausibility will affect those who (1) lack the resources to develop facts before discovery, (2) bring claims requiring them to plead information exclusively within the opposition's possession, or (3) rely on forms in drafting complaints."[4]

Thus, the more lenient interpretation of Plaintiff's complaint – which would've summarily foreclosed Defendant's move for dismissal (specifically, as it relates to Fed. Rule 12(b)(6) and/or (c)) – was not applied.

### C. Defendant's tactful, excessive and overall misuse of judicial notice

Plaintiff believes, and has stated on record, that opposing council tactfully inundated the record with voluminous exhibits which served no more than as a haymaking smokescreen than it was a valid defense mechanism; utilizing judicial notice to get the Court's attention like a businessman who's running late and trying to whistle down a taxi on a crowded downtown street; and, judicial notice isn't appropriately used this way.

Asking the Court to judicially notice things that don't need to be judicially noticed, or things that aren't appropriate for judicial notice, or, as in this case, proffering volumes of evidence and self-serving declarations that amounted to nothing more than "docket filler" – all of these misuses misconstrue the narrow doctrine.[5] The Court in this matter would be remiss to ignore this patent example of such means Defendant employed that affected their end.

---

[4] *Illiberal Construction of Pro Se Pleadings*, Schneider, Rory K., University of Pennsylvania Law Review [Vol. 159: 585] 2011.

[5] The court in the matter of *Hsing Ching Hsu v. Puma Biotechnology, Inc.,* (8:15-cv-00865 (C.D. Cal. Sept. 30, 2016)) stated that judicial notice and incorporation by reference at the motion to dismiss stage have "led to inappropriate efforts by defendants to expand the two doctrines" to end cases early.

### D. Defendant's Intrinsic Immunity from Discovery

Speaking right to the heart of Local Rule 7-18(b), this motion is proper based on "the emergence of new material facts …" which would've been adduced only if discovery was made available. Essentially, Defendant asserting judicial notice allowed them exemption from being enjoined to disclose any information to Plaintiff; and, instead, implicitly entrusted that they would willingly do so. Assuming that to be true, this would be both contrary to the adversarial posture they inherently assume against Plaintiff and a disservice to their client's interests. In sum, no reasonable person would volunteer (especially damning) evidence if they're not otherwise compelled or so ordered.

Given that Defendant was essentially made immune from being enjoined to disclose such materials (interrogatories, requests for admission, affidavits, documents, etc.), they not only "held all the cards" but also "controlled the deck." Plaintiff's inaccessibility to such information (i.e. "the deck") <u>is the exact contrary to all the Court stands for</u>.

### E. Unduly burdened

All of which predictably led to Plaintiff being both ambushed and fatally disadvantaged by what then became a covert Fed. Rule 56 summary judgment. *There was no opportunity for discovery*, which he was anticipating (especially given the fact that the Court's rescheduling the upcoming Fed. Rule 26 conference gave, at the very least, a slight indication of that prospect[6]) and he was, thus, underprepared (or, at least, unduly burdened with the prospect) to mount a reasonable defense.

---

[6] The following isn't in any way advising the Court how to conduct its job, but what would have made more sense in the recent docket transactions is holding off on rescheduling, and within the Order to Dismiss, issuing an additional order otherwise making moot that rescheduling. However, as it stands in the record, it was a fair assessment to anticipate prevailing on the motion, convening for the conference, and beginning, among other things, discovery.

### IV. Conclusion

To his credit, Plaintiff spent an inordinate amount of time and resources (and, moreover, became ever-vigilant upon the threat of the case being dismissed for lack of prosecution) ensuring he preserved his right to have his day in court. Whereas, comparatively speaking, all named Defendants who were just properly served Plaintiff's complaint – in lieu of serving an official answer – cobbled together an artificially capacious dispositive motion, that got rid of him expeditiously. Their favorable ruling could not be a more apt example of a miscarriage of justice.

Pro se Plaintiff, given his status, plead adequately. Venue is proper, the Court has subject-matter jurisdiction: all of which are the prerequisites for his case being heard. Plaintiff's only other takeaway is that this matter was not only a nuisance for Defendant, but, to that extent, the Court as well. Granted, discovery is expensive and burdensome for all parties involved; however, in a fact-specific, fact-intensive case – as is the matter before the Court – caution should be taken when staying such an essential part of the proceedings.

Moreover, Plaintiff has a complete understanding that the Court is inundated with cases, many of which are absolutely "clogging up the calendar." Again, he made a very concerted decision to bring this matter before the Court, and is unlike, perhaps, a vast majority of cases that are meritless on their face. Granted, he probably executed a subpar attempt at conveying the substance of his claim, but it wasn't for lack of trying. Admittedly, Plaintiff may be "out of his depth" in all respects – not only was he outclassed and outmatched by opposing council, but this matter was further exasperated by his limited access to the court – but, again, he believes that there is a genuine issue that needs to be heard before the Court.

This ruling has summarily denied him that right.

**WHEREFORE**, it is for the reasons identified above, Plaintiff requests that the Court reconsider their order for dismissal.

Respectfully submitted on:
Monday, July 17, 2017
Chris Fillmore, pro se

/s/ Chris Fillmore

713 W. 31st St.
Indianapolis, IN 46208
317-209-5509