KELLI L. SAGER (State Bar No. 120162)
    kellisager@dwt.com
ERIC M. STAHL (State Bar No. 292637)
    ericstahl@dwt.com
DIANA PALACIOS (State Bar No. 290923)
    dianapalacios@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, Suite 2400
Los Angeles, CA 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendants
BLUMHOUSE PRODUCTIONS, LLC;
JASON BLUM; JEREMY SLATER;
LIONS GATE FILMS, INC.;
JEANETTE BRILL; LUKE DAWSON;
ROBYN MARSHALL; JIMMY MILLER;
RICK OSAKO; and CODY ZWIEG

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER "CHRIS" WAYNE FILLMORE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>LIONSGATE FILMS; JASON BLUM individually and/or d/b/a Blumhouse Productions, a proprietorship; JEANETTE BRILL individually and/or d/b/a Blumhouse Productions, a proprietorship; LUKE DAWSON individually; MATTHEW KAPLAN individually and/or d/b/a Chapter One Films, a proprietorship; ROBYN MARSHALL individually and/or d/b/a Chapter One Films, a proprietorship; JIMMY MILLER individually and/or d/b/a Mosaic Management & Production, a proprietorship; RICK OSAKO individually and/or d/b/a Catchlight Films, a proprietorship; JEREMY SLATER, individually; CODY ZWIEG individually; and DOES 1-10 inclusive,<br><br>Defendants. | Case No. **2:16-CV-04348-AB-SS**<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO RECOVER ATTORNEYS' FEES; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**[17 U.S.C. § 505]**<br><br>Hearing Date:  August 18, 2017<br>Time:  10:00 a.m.<br>Courtroom:  7B<br><br>[Declaration Of Eric Stahl With Exhibits 1-3; and [Proposed] Order Filed Concurrently] |

TO PLAINTIFF CHRISTOPHER "CHRIS" WAYNE FILLMORE, <u>PRO</u> <u>SE</u>:

PLEASE TAKE NOTICE that on August 18, 2017 at 10:00 a.m., in Courtroom 7B of the United States District Court for the Central District of California, located at 350 West First Street, Los Angeles, CA 90012, Defendants Blumhouse Productions, LLC (identified erroneously as "Blumhouse Productions, a proprietorship"), Jason Blum, Jeremy Slater, Lions Gate Films, Inc., Jeanette Brill, Luke Dawson, Robyn Marshall, Jimmy Miller, Rick Osako, and Cody Zwieg (collectively, "Defendants") will and hereby do move this Court, pursuant to 17 U.S.C. § 505, for an order requiring Plaintiff Christopher Wayne Fillmore ("Plaintiff") to pay the attorneys' fees incurred by Defendants in successfully defending against Plaintiff's meritless lawsuit.

This Motion is made on the following grounds:

1.      As the prevailing parties, Defendants are entitled to an award of attorneys' fees under 17 U.S.C. § 505.  <u>See</u> Memorandum Section III.  The factors courts consider in determining whether a prevailing copyright litigant is entitled to recover fees all favor a fee award in this case: (a) Defendants prevailed completely, winning dismissal with prejudice on a Rule 12(b)(6) motion; (b) Plaintiff's action was objectively unreasonable; (c) Plaintiff did not pursue this action with a legitimate motive under copyright law; (d) a fee award would serve to further the goals of the Copyright Act and deter meritless litigation.  <u>Id.</u>

2.      The amount of fees requested is reasonable.  <u>See</u> Memorandum Section IV.  Defense counsel's billing rates are well within the prevailing rates in the Southern California market for work in this area of law.  Defense counsel handled this defense efficiently and economically, and the number of hours expended are reasonable, in light of the degree of success achieved and the complexity of the issues in this matter.  <u>Id.</u>

Defendants therefore respectfully requests that this Court grant this Motion and award attorneys' fees in the amount of $78,307, as well as any additional fees

incurred in connection with this Motion and in connection with Plaintiff's pending motion for reconsideration. Defendants will submit supplemental evidence with their Reply papers to document any additional fees requested that were incurred after the filing of the Motion.

Defendants' counsel attempted to confer with Plaintiff by telephone, pursuant to L.R. 7-3. Plaintiff has agreed that this requirement was satisfied through communications from defense counsel by email and voicemail between July 13 and July 18, 2017, and he declined to confer further by telephone. See concurrently-filed Declaration of Eric M. Stahl ¶ 1.

This Motion is based on this Notice Of Motion, the attached Memorandum Of Points And Authorities, the concurrently-filed Declaration of Eric Stahl with Exhibits 1-3; all matters of which this Court may take judicial notice; the pleadings, files, and records in this action, and on such other argument as may be heard by this Court.

DATED:  July 21, 2017

DAVIS WRIGHT TREMAINE LLP
KELLI L. SAGER
ERIC M. STAHL
DIANA PALACIOS


By:_____/s/ Kelli L. Sager_____
                    Kelli L. Sager

Attorneys for Defendants
BLUMHOUSE PRODUCTIONS, LLC,
JASON BLUM, JEREMY SLATER,
LIONS GATE FILMS, INC.,
JEANETTE BRILL, LUKE DAWSON,
ROBYN MARSHALL, JIMMY MILLER,
RICK OSAKO, and CODY ZWIEG

MOTION TO RECOVER ATTORNEYS' FEES
4832-1514-8108v.5 0103245-000004

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF CONTENTS

**Page**

I.   SUMMARY OF ARGUMENT ..................................................................1

II.  FACTUAL BACKGROUND..................................................................2

III. DEFENDANTS ARE ENTITLED TO RECOVER THEIR FEES UNDER FEDERAL COPYRIGHT LAW. ....................................................3

    A.   Defendants Achieved Complete Success In This Litigation................4

    B.   Plaintiff's Copyright Infringement Claim Was Objectively Unreasonable. .................................................................................4

    C.   Plaintiff Did Not Act With A Legitimate Motivation. .........................6

    D.   A Fee Award Is Appropriate To Further the Copyright Act's Goals of Compensation and Deterring Meritless Litigation. ...............8

IV.  DEFENDANTS' FEE REQUEST IS REASONABLE. ...............................9

    A.   Defense Counsel's Billing Rates Are Reasonable. .............................9

    B.   The Hours Expended By Defendants' Counsel Are Reasonable........ 12

V.   CONCLUSION.......................................................................... 14

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Baker v. Urban Outfitters,
   431 F. Supp. 2d 351 (S.D.N.Y. 2006) ...................................................... 8

Bernal v. Paradigm Talent and Literary Agency,
   2010 WL 6397561 (C.D. Cal. June 1, 2010) ........................................... 4

Blum v. Stenson,
   465 U.S. 886 (1984) ................................................................................ 9

Bridgeport Music, Inc. v. WB Music Corp.,
   520 F.3d 588 (6th Cir. 2008) .................................................................. 6

Bryant v. Media Right Prods., Inc.,
   603 F.3d 135 (2d Cir. 2010) ................................................................... 7

City of Inglewood v. Teixeira,
   No. CV1501815MWFMRWX, 2015 WL 6146269
   (C.D. Cal. Oct. 8, 2015) ............................................................. 10, 11, 12

Elser v. I.A.M. Nat'l Pension Fund,
   579 F. Supp. 1375 (C.D. Cal. 1984) ....................................................... 9

Ets-Hokin v. Skyy Spirits, Inc.,
   225 F.3d 1068, 1082 (9th Cir. 2000) ...................................................... 8

Fantasy, Inc. v. Fogerty,
   94 F.3d 553 (9th Cir. 1996) ................................................................. 4, 6

Fogerty v. Fantasy, Inc.,
   510 U.S. 517 (1994) ........................................................................ 3, 4, 8

Gilbert v. New Line Prods.,
   2013 U.S. Dist. LEXIS 23993 (C.D. Cal. Feb. 20, 2013) ..................... 14

Ingram v. Oroudjian,
   647 F.3d 925 (9th Cir. 2011) .................................................................. 6

Inhale, Inc. v. Starbuzz Tobacco, Inc.,
   755 F.3d 1038 (9th Cir. 2014) ............................................................ 1, 3

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Intel Corp. v. Terabyte Int'l, Inc.,
　　6 F.3d 614 (9th Cir. 1993) ............................................................................. 9, 12

Jackson v. Axton,
　　25 F.3d 884 (9th Cir. 1994) ................................................................................. 4

Kirtsaeng v. John Wiley & Sons, Inc.,
　　136 S. Ct. 1979 (2016) ......................................................................................... 4

Lawrence v. Sony Pictures Entm't Inc.,
　　2011 U.S. Dist. LEXIS 157934 (C.D. Cal. Oct. 5, 2011) ................................ 8, 10

Love v. Mail on Sunday,
　　No. CV05-7798 ABC(PJWX), 2007 WL 2709975,
　　(C.D. Cal. Sept. 7, 2007) .................................................................................... 12

Maljack Prods., Inc. v. GoodTimes Home Video Corp.,
　　81 F.3d 881 (9th Cir. 1996) .................................................................................. 3

Maloney v. T3Media, Inc.,
　　No. CV 14-05048-AB VBKX, 2015 WL 3879634,
　　(C.D. Cal. May 27, 2015) ............................................................... 10, 12, 13, 14

Mathis v. Spears,
　　857 F. 2d 749 (Fed. Cir. 1988) ........................................................................... 12

Mattel, Inc. v. Walking Mountain Productions,
　　2004 WL 1454100 (C.D. Cal. June 21, 2004) ..................................................... 14

Milton Greene Archives, Inc. v. BPI Communs., Inc.,
　　2006 U.S. Dist. LEXIS 101392 (C.D. Cal. Mar. 8, 2006) .................................... 14

Moore v. James. H. Matthews & Co.,
　　682 F.2d 830 (9th Cir. 1982) .............................................................................. 10

Nat'l Assoc. of Concerned Veterans v. Sec. of Def.,
　　675 F.2d 1319 (D.C. Cir. 1982) ....................................................................... 9, 10

Ohio-Sealy Mattress Mfg. v. Sealy,
　　776 F.2d 646 (7th Cir. 1985) .............................................................................. 10

Perfect 10, Inc. v. Giganews, Inc.,
　　No. CV 11-07098-AB SHX, 2015 WL 1746484
　　(C.D. Cal. Mar. 24, 2015) ................................................................................... 11

MOTION TO RECOVER ATTORNEYS' FEES
4832-1514-8108v.5 0103245-000004

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Sorenson v. Mink,
    239 F.3d 1140 (9th Cir. 2001) ................................................................. 9

Tomazzoli v. Sheedy,
    804 F.2d 93 (7th Cir. 1986) ................................................................. 10

Wild v. NBC Universal,
    No. CV103615GAFAJWX, 2011 WL 12877031
    (C.D. Cal. July 18, 2011) ................................................................. 13

Zella v. E.W. Scripps Co.,
    529 F. Supp. 2d 1124 (C.D. Cal. 2007) ........................................... 5, 12

**Statutes**

17 U.S.C. § 505 .................................................................................*passim*

California Code of Civil Procedure § 425.16 ....................................... 14

**Rules**

Federal Rules of Civil Procedure
    12(b)(6) ......................................................................................... 2, 13
    54(d)(2)(B)(i) ..................................................................................... 3

Local Rule 54-10 ...................................................................................... 3

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      SUMMARY OF ARGUMENT

On July 7, 2017, this Court granted Defendants' motion to dismiss Plaintiff's First Amended Complaint ("FAC") in its entirety, with prejudice.  See Dkt. No. 94 ("Order").  The Court held that Plaintiff failed to state a claim for copyright infringement, because it was plain from the face of the two works at issue that Defendants' feature horror film "The Lazarus Effect" ("Film") was not "substantially similar" to Plaintiff's unpublished murder mystery ("Manuscript").  Order, pp. 11-18. This Court also found that Plaintiff failed to plausibly allege that any of the Defendants ever had access to his Manuscript.  Id., pp. 8-10.  Because further amendment of the complaint could not overcome the substantial dissimilarities in the two works, the Court dismissed the FAC with prejudice.  Id. p. 18.

Having prevailed completely in their defense, Defendants now seek to recover their attorneys' fees, as provided by 17 U.S.C. § 505.  As the Ninth Circuit has recognized, "[a] successful defense furthers the purposes of the Copyright Act just as much as a successful infringement suit does."  Inhale, Inc. v. Starbuzz Tobacco, Inc., 755 F.3d 1038, 1043 (9th Cir. 2014).  Accordingly, Defendants with "meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement."  Id.  All of the factors relevant to determining whether a prevailing copyright litigant is entitled to recover its fees favor an award to Defendants in this case:

First, Defendants achieved an entirely successful result, prevailing fully on their motion to dismiss.  See Section III.A , infra.

Second, Plaintiff's lawsuit was "objectively unreasonable."  It was plain from reviewing the works at issue that Defendants' motion picture – a horror movie about a medical experiment gone wrong – did not copy protectable expression from Plaintiff's Manuscript about two detectives searching for a serial killer.  Indeed, the

Court found no similarity in <u>any</u> of the extrinsic elements used to evaluate "substantial similarity."  <u>See</u> Section III.B , <u>infra.</u>

<u>Third</u>, Plaintiff did not pursue this action with a legitimate motive.  Plaintiff did not file this lawsuit to recover any actual damages suffered from an alleged infringement, or to otherwise vindicate any interest under the Copyright Act, but was transparently hoping that Defendants would agree to a quick financial settlement to make him "go away."  <u>See</u> Ex. 3, p. 3.  Courts have found bad faith under similar circumstances.  <u>See</u> Section III.C , <u>infra</u>.

<u>Fourth</u>, a fee award is appropriate here because it would serve to deter meritless litigation, and would further the Copyright Act's goals of encouraging and rewarding creative works.  <u>See</u> Section III.D , <u>infra</u>.

Finally, the fees requested are reasonable.  Defense counsel's billing rates are consistent with those approved by this Court in other cases, and are well within the prevailing market rates for work in this area of law.  Furthermore, the hours expended were reasonable in light of Defendants' complete success, the complexity of the issues, the financial stakes, and awards in similar cases.  <u>See</u> Section IV , <u>infra</u>.  Accordingly, Defendants respectfully ask this Court to award them all of the fees requested, and any additional fees incurred in connection with this Motion and in responding to Plaintiff's baseless motion for reconsideration.

## II.   FACTUAL BACKGROUND

Plaintiff filed this action in the Southern District of Indiana on June 9, 2016.  Dkt. No. 1.  That court <u>sua sponte</u> transferred the matter to this Court as of June 17, 2016.  Dkt. No. 4, 7.  Plaintiff did not immediately serve his complaint.

On February 17, 2017, Plaintiff moved to amend his complaint.  Dkt. No. 34.  Plaintiff filed his FAC on March 21, 2017.  Dkt. No. 43.

Defendants Blumhouse Productions, LLC and Jeremy Slater first appeared in this case on March 15, 2017.  <u>See</u> Dkt. No. 35.  On April 7, 2017, Blumhouse and Slater filed a Motion to Dismiss under Fed. R. Civ. P 12(b)(6).  Dkt. No. 51.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1   On April 21, 2017, Defendants Jason Blum, Jeanette Brill, Luke Dawson,

2   Lions Gate Films, Inc., Robyn Marshall, Jimmy Miller, Rick Osako, and Cody Zweig

3   appeared in the case, and joined in the Motion To Dismiss.  Dkt. No. 60.

4   On July 7, 2017, after the matter had been fully briefed, this Court granted

5   Defendants' Motion to Dismiss with prejudice.  In its 19-page ruling, the Court held

6   that Defendants' Film was not substantially similar to Plaintiff's manuscript, and that

7   Plaintiff had failed to plead "more than a bare possibility that Defendants had access

8   to the Manuscript." Order, p. 10.  This Court further held that "Plaintiff  cannot

9   replead his claim to overcome his inability to prove that the works are substantially

10  similar," and accordingly, dismissed the FAC with prejudice.  Id., p. 18-19.

11  Plaintiff filed a motion for reconsideration on July 17, 2017.  That motion is

12  scheduled to be heard on August 18, 2017.  Dkt. No. 96,

13  As prevailing parties, Defendants now seek their fees under 17 U.S.C. § 505.

14  This motion is timely under Fed. R. Civ. P. 54(d)(2)(B)(i) and L.R. 54-10.

15  **III.   DEFENDANTS ARE ENTITLED TO RECOVER THEIR FEES UNDER**

16  **FEDERAL COPYRIGHT LAW.**

17  Under the Copyright Act, this Court has broad discretion to award "full costs,"

18  including a "reasonable attorney's fee," to the prevailing party in any copyright

19  infringement action.  17 U.S.C. § 505.  Notably, Section 505 requires treating

20  prevailing defendants and prevailing plaintiffs alike.  Fogerty v. Fantasy, Inc., 510

21  U.S. 517 (1994) ("Fogerty I").  This "evenhanded" approach recognizes that "a

22  successful defense of a copyright infringement action may further the policies of the

23  Copyright Act every bit as much as a successful prosecution of an infringement claim

24  by the holder of a copyright." Id. at 527; see also Inhale, Inc., 755 F.3d at 1043.

25  In determining whether to award attorneys' fees to a prevailing party, courts

26  apply the following non-exclusive factors:  "the degree of success obtained on the

27  claim; frivolousness; motivation; objective reasonableness of factual and legal

28  arguments; and need for compensation and deterrence."  Maljack Prods., Inc. v.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

GoodTimes Home Video Corp., 81 F.3d 881, 889 (9th Cir. 1996), citing Jackson v. Axton, 25 F.3d 884, 890 (9th Cir.1994); accord, Fogerty I, 510 U.S. at 534 n.19; Fantasy, Inc. v. Fogerty, 94 F.3d 553, 558-59 (9th Cir. 1996) ("Fogerty II") (applying factors). The Supreme Court recently reaffirmed these factors, holding that they must be applied in a manner that "advances the Copyright Act's goals." Kirtsaeng v. John Wiley & Sons, Inc., 136 S. Ct. 1979, 1986 (2016). This includes giving substantial (although not exclusive) weight to the "objective reasonableness of the losing party's position." Id. at 1983.

Here, as discussed below, all of the relevant factors support an award of attorneys' fees to the prevailing Defendants.

**A.      Defendants Achieved Complete Success In This Litigation.**

Defendants' "degree of success obtained" in this lawsuit was total. They won complete dismissal, with prejudice, of the FAC and its sole cause of action for copyright infringement. FAC (Dkt. No. 43) ¶¶ 1, 33; Order, p. 18. Among other findings, this Court's order vindicated Defendants' position that their Film in no way infringed Plaintiff's Manuscript. Id.

Moreover, Defendants obtained dismissal expeditiously – less than four months after their initial appearance in the case, and without the need for substantial motion practice or other expensive litigation activity. This factor weighs in favor of awarding Defendants their fees incurred in defending against the lawsuit.

**B.      Plaintiff's Copyright Infringement Claim Was Objectively Unreasonable.**

The second factor requires the Court to "give substantial weight to the objective reasonableness of the losing party's position." Kirtsaeng, 136 S. Ct. at 1983. "Objective unreasonableness" looks only to the merits of the non-prevailing claims; a showing of bad faith or frivolousness is not required, because "blameworthiness is not a prerequisite to awarding fees to a prevailing defendant." Fogery II, 94 F.3d at 558. See also Bernal v. Paradigm Talent and Literary Agency,

2010 WL 6397561, at *2-3 (C.D. Cal. June 1, 2010) (awarding defendant fees under § 505 where claim was unreasonable).

Here, Plaintiff's position in this lawsuit was objectively unreasonable, because a review of the two works made clear that the Film did not copy from the Manuscript. As this Court noted, "Plaintiff's Manuscript is a murder mystery about two detectives who try to solve a case involving a serial killer who is targeting reanimated corpses, or 'Necrosapiens.'… The story ends with the discovery of the serial killer's identity." Order, p. 4. In contrast, "Defendants' Film is a science-fiction horror movie about a group of university medical researchers who have designed a serum that allows doctors to save more lives by stopping neural degeneration in coma patients and lengthening the temporal opportunity to revive patients in cardiac arrest. They discover that their serum has the power to bring animals back to life. After one of the researchers, Zoe, is fatally electrocuted in the course of an experiment, the research team uses the serum to bring her back to life." Id., p. 4-5. The two works have nothing in common, other than the general conceit of bringing the dead back to life – an idea that is too generic to be protected by copyright, because it is a prevalent literary theme dating back to biblical times, and was a staple of horror, fantasy and science fiction works long before Plaintiff's Manuscript. See Dkt. No. 51 (Mot. to Dismiss), p. 12.

Perhaps the best indicator of the objective unreasonableness of Plaintiff's position is that Defendants prevailed **on every point of substance** raised in their motion to dismiss. Plaintiff was required to show, among other things, that the works at issue contained articulable "substantial similarities" with respect to eight specific extrinsic elements – their "plot, themes, dialogue, mood, setting, pace, characters, and sequence of events[.]" Order, pp. 10-11, citing Zella v. E.W. Scripps Co., 529 F. Supp. 2d 1124, 1133 (C.D. Cal. 2007). This Court found that for **every one of these elements**, the works were **dis**similar, apart from generic ideas or scenes á faire that were outside the scope of copyright protection. Order, pp. 11-18.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

This Court also found that Plaintiff had failed to adequately plead the threshold issue of demonstrating that any of the Defendants even had "access" to his Manuscript. Id., p. 8-10. As the Court noted, "Plaintiff does not allege that Plaintiff sent Defendants his Manuscript, Defendants purchased Plaintiff's Manuscript, or that another individual or group of individuals who possessed the Manuscript gave it to Defendants." Id., p. 8. The Court further noted that access could not be inferred from "wide dissemination" of the Manuscript, because the Manuscript had no sales and was not widely distributed. Id., p. 9-10. Under these circumstances, it was objectively unreasonable for Plaintiff to pursue an infringement claim.

Finally, Plaintiff's objective unreasonableness persisted even **after** he was provided with a copy of Defendants' motion to dismiss and the legal grounds supporting it. After reviewing the motion, Plaintiff – who claims he "lived and breathed relevant case law" – wrote to Defendants' counsel demanding $750,000 to end the action.[1] Ex. 3, p. 1, 3. Plaintiff wrote that it was "ludicrous" to believe the motion would be granted, and that it would not "take much" for him to "reasonably refute" the motion, which he termed "fantastical." Id., p. 1. This Court found otherwise.

## C.    Plaintiff Did Not Act With A Legitimate Motivation.

The "motivation" factor addresses the parties' good or bad faith in pursuing or defending the claim. Fogery II, 94 F.3d at 558. Although demonstrating bad faith is not required to justify a fee award, id., Plaintiff's bad faith is evident here.

Bad faith can be inferred from evidence that a party pursued an infringement lawsuit primarily for the purpose of extracting a settlement, regardless of the merits of the claims, or engaged in "overly aggressive litigation tactics." See Bridgeport Music, Inc. v. WB Music Corp., 520 F.3d 588, 593 (6th Cir. 2008) (approving fee

---

[1] A court may properly consider settlement negotiations for purposes of deciding a fee award. Ingram v. Oroudjian, 647 F.3d 925, 927 (9th Cir. 2011).

MOTION TO RECOVER ATTORNEYS' FEES
4832-1514-8108v.5 0103245-000004

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

award against plaintiff based in part on plaintiff's aggressive tactics and pursuit of futile claims); <u>Bryant v. Media Right Prods., Inc.</u>, 603 F.3d 135, 144 (2d Cir. 2010) (party acted in bad faith by rejecting reasonable settlement and demanding $1 million despite evidence of very minimal actual loss).

Here, Plaintiff did not file or pursue this lawsuit with a legitimate motive.  As noted above, his reaction to Defendants' ultimately successful motion to dismiss, which identified the facial defects in his copyright claim, was to demand payment of $750,000 to dismiss his claim.  Ex. 3, p. 1.  Plaintiff's previous settlement offer had been $500,000; in other words, his response to reviewing Defendants' meritorious motion to dismiss was to substantially **increase** his demand.  <u>Id.</u>, p. 3.

Moreover, Plaintiff was not demanding these ludicrous sums in order to further any cognizable interest under the Copyright Act.  Instead, as he told Defendants' counsel, he believed that Defendants would find it cheaper to pay him off than to litigate.  Absent a quick settlement, he warned, "your next step of ridding your client of this matter (if you choose to continue going down this road) is eventually going to be – if not vis-á-vis some other fantastical motion in the interim – by way of summary judgment, which is a long time from now. Yes, the attorney fees are and will continue to mount[.]"  <u>Id.</u>, p.1.  He also warned darkly that rejecting his astronomical offers would lead to "your clients' ruin from exhausting their financial resources as well as a blight to your personal and collective reputations[.]"  <u>Id.</u>

Plaintiff also litigated this case in a needlessly aggressive manner.  Plaintiff repeatedly attempted to obtain baseless default judgments.  His first two attempts, in December 2016, were stricken by the Court on the ground that he had failed to properly serve those defendants.  Dkt. Nos. 28, 30.  His third attempt, filed March 30, 2017, was withdrawn after defense counsel pointed out **responses were not yet due** from the allegedly "defaulting" defendants.  Dkt. Nos. 47, 48.  His fourth attempt, filed on Saturday, May 20, 2017 (Dkt. No. 77), was stricken by the Court two days later.  Dkt. Nos. 78-84.

Plaintiff's claim demonstrates that he did not bring this action to vindicate his own creative endeavors, or from a legitimate belief that his "expression" had been copied in violation of his copyright.  Instead, despite his self-proclaimed knowledge of copyright law (Ex. 3, p. 3) he effectively claimed that he owned a monopoly on fictional works that depict bringing the dead back to life.  That position is completely at odds with established law.  See Ets-Hokin v. Skyy Spirits, Inc., 225 F.3d 1068, 1082 (9th Cir. 2000) (copyright provides "no monopoly" for unprotectable expression).  This factor also justifies a fee award.

**D.     A Fee Award Is Appropriate To Further the Copyright Act's Goals of Compensation and Deterring Meritless Litigation.**

Finally, awarding fees to a prevailing copyright defendant is proper where it is necessary "to advance considerations of compensation and deterrence."  Fogerty I, 510 U.S. at 534, n.19.  "Compensation and deterrence would support an award of attorneys' fees … in order to 'deter this plaintiff, and other similarly situated plaintiffs, from bringing unreasonable claims based on a cost-benefit analysis that tells such plaintiffs that they can score big if they win and there will be no adverse consequences if they lose.'"  Lawrence v. Sony Pictures Entm't Inc., 2011 U.S. Dist. LEXIS 157934, at *6 (C.D. Cal. Oct. 5, 2011) (quoting Baker v. Urban Outfitters, 431 F. Supp. 2d 351, 359 (S.D.N.Y. 2006)).

Here, a fee award is appropriate to deter Plaintiff and other prospective plaintiffs from pursuing frivolous copyright claims that rest on superficial similarities in non-protectable elements of the works at issue.  Such claims impose an unwarranted and unjustifiable cost on the creators of motion pictures and other works, and thereby deprive copyright owners of the full value of their creations.  As detailed above, Plaintiff pursued a baseless claim – and persisted, even after the legal infirmities were pointed out to him – in the express hope that the copyright owners and creators of the Film would find it cheaper to settle with him than litigate.  Indeed, he has vowed "to exhaust all available administrative remedies, up to and including

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

the Supreme Court if need be," in pursuit of his meritless claim.  Ex. 1, p. 1.  A fee award here would serve to deter Plaintiff and other similarly motivated individuals in the future, and would ensure that Defendants are not unjustly deprived of fair compensation for their own creative efforts.

In sum, all of the factors relevant to determining whether Defendants are entitled to recover fees under 17 U.S.C. § 505 militate in favor of a fee award here.

## IV.   DEFENDANTS' FEE REQUEST IS REASONABLE.

Section 505 provides a prevailing party is entitled to a "reasonable attorney's fee."  In determining a reasonable fee award, the Court "must first determine the presumptive lodestar figure by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate."  Intel Corp. v. Terabyte Int'l, Inc., 6 F.3d 614, 622 (9th Cir. 1993).  "The lodestar amount presumably reflects the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from the litigation."  Id.  Applying these criteria, the requested fees are entirely reasonable, and should be awarded in full.

## A.   Defense Counsel's Billing Rates Are Reasonable.

A reasonable hourly rate is one that is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  Sorenson v. Mink, 239 F.3d 1140, 1145 (9th Cir. 2001).  To establish that its attorneys' billing rates are reasonable for the market, a prevailing party may present declarations from its own attorneys – as Defendants do here (see Stahl Decl.) – regarding the prevailing fees in the market and qualifications of the attorneys.  See, e.g., Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984).

As one court observed, "'the best evidence [of an attorney's reasonable hourly billing rate] would be the hourly rate customarily charged by the [applicant] himself or by his law firm.'"  Elser v. I.A.M. Nat'l Pension Fund, 579 F. Supp. 1375, 1379 (C.D. Cal. 1984) (quoting Nat'l Assoc. of Concerned Veterans v. Sec. of Def., 675 F.2d 1319, 1325-26 (D.C. Cir. 1982)).  "Unless counsel is working outside his or her

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

normal area of practice, the billing-rate multiplier is, for practical reasons, usually counsel's normal billing rate." Moore v. James. H. Matthews & Co., 682 F.2d 830, 840 (9th Cir. 1982).[2]

Here, the defense was handled by the following Davis Wright Tremaine ("DWT") attorneys, paralegal, and document clerk, identified along with the actual negotiated billing rates the firm is charging for this matter:  Kelli L. Sager (Partner) - $535; Eric Stahl (Partner) - $400; Diana Palacios (Associate) - $375; Ben Planchon (Paralegal) - $125; Manda Feuerman (Document Clerk) - $70.  See Stahl Decl. ¶ 4. Because of a negotiated discount, these rates are substantially **less** than the firm's standard billing rates for these attorneys.  Id. ¶¶ 4-7.

These rates are reasonable in light of the attorneys' experience, skills, and reputations.  Stahl Decl. ¶¶ 5-7.  DWT is nationally recognized for its intellectual property litigation practice.  See id. ¶ 3; see also City of Inglewood v. Teixeira, No. CV1501815MWFMRWX, 2015 WL 6146269, at *5 (C.D. Cal. Oct. 8, 2015) ("Davis Wright Tremaine LLP ('DWT') is a nationally recognized firm in the areas of First Amendment and intellectual property litigation."); Lawrence, 2011 U.S. Dist. LEXIS 157934, at *13 (in case where DWT served as defense counsel, court recognized that "Defendants' firm is reputable and active in litigating copyright cases in this district"); see also Maloney v. T3Media, Inc., No. CV 14-05048-AB VBKX, 2015 WL 3879634, at *5 (C.D. Cal. May 27, 2015) (finding DWT's rates, including the billing rate of one of the attorneys here, were reasonable).

---

[2] Numerous courts have held that the actual rate charged by counsel to private clients is generally the best evidence of a reasonable hourly rate.  See, e.g., Nat'l Assoc. of Concerned Veterans, 675 F.2d at 1326 ("the actual rate that applicant's counsel can command in the market is itself highly relevant proof of the prevailing community rate"); Tomazzoli v. Sheedy, 804 F.2d 93, 98 (7th Cir. 1986) ("[f]or private counsel with fee-paying clients, the best evidence is the hourly rate customarily charged by counsel or by her law firm"); Ohio-Sealy Mattress Mfg. v. Sealy, 776 F.2d 646, 660 (7th Cir. 1985) ("hourly rates used to compute the lodestar are typically the rates lawyers charge clients who pay on a regular basis").

MOTION TO RECOVER ATTORNEYS' FEES
4832-1514-8108v.5 0103245-000004

With respect to the individual attorneys, Ms. Sager is a preeminent First Amendment and intellectual property attorney with over 30 years of litigation experience. Stahl Decl. ¶ 5. She consistently has been named as one of "America's Leading Lawyers" in First Amendment Litigation by Chambers USA, one of the "Best Lawyers in America" in Media Law and First Amendment Law by Woodward/White, and one of the "Top Lawyers," "Top Women Litigators," and "Top IP Lawyers" in the State by the Los Angeles Daily Journal, among other accolades. Id. Mr. Stahl has nearly twenty years of litigation experience focusing on media and intellectual property litigation, has been selected by Best Lawyers as Seattle's "Lawyer of the Year" in First Amendment Law, has been named as one of the "Best Lawyers in America" in Communications Law by Best Lawyers, and has written a book on copyright remedies that was published by the American Bar Association. Id. ¶ 7. Ms. Palacios clerked for the Eastern District of California; since joining DWT, she has focused primarily on media and intellectual property litigation. Id. ¶ 6. Given the skills and reputations of the Defendants' lawyers, as well as the substantial pre-negotiated discount, their rates in this matter are entirely reasonable.

The reasonableness of DWT's rates also is demonstrated by rates charged by other firms, that have been found to be reasonable in other copyright lawsuits in Southern California. For example, in Perfect 10, Inc. v. Giganews, Inc., No. CV 11-07098-AB SHX, 2015 WL 1746484, at **15, 30 (C.D. Cal. Mar. 24, 2015), this Court found the following to be consistent with prevailing market rates for large firms: $825 in 2011 and $930 in 2014 for a senior partner with 29 years of experience; $610 in 2011 and $750 in 2014 for "more junior partners"; $350 in 2011 "for the most junior associate"; $690 in 2014 for a senior associate with 11 years' experience; and "between $240 and $345 for paralegal time." And in Teixeira, the court found the following rates reasonable for DWT attorneys for the year 2015 in a copyright action: $645 for a partner, $395 for a mid-level associate; $335 for a

1     junior associate; and $155 for paralegals.  2015 WL 6146269, at **1, 5.  See also

2     Love v. Mail on Sunday, No. CV05-7798 ABC(PJWX), 2007 WL 2709975, at *8

3     (C.D. Cal. Sept. 7, 2007) (finding in 2007 that the rates charged by DWT attorneys

4     were "consistent with the rates typically charged by other highly-regarded southern

5     California law firms for similar work by attorneys of comparable experience":  $690,

6     $590, and $570 for partners of varying levels of experience; $485 for a senior

7     counsel; $460 for a senior associate; $305 for a junior associate; and $245 and $230

8     for paralegals); see also Maloney, 2015 WL 3879634, at *4 (finding that "$270 per

9     hour for a second-year associate to $495 per hour for a partner with 30 years of

10     experience" was reasonable; case involved DWT negotiated rates charged for that

11     matter in 2015).

12         Based on the above authorities, DWT's rates for this matter are reasonable.

13     See Stahl Decl. ¶ 13.

14     **B.**    **The Hours Expended By Defendants' Counsel Are Reasonable.**

15         The time spent by defense counsel in this matter also is reasonable, when

16     evaluated in light of factors such as Defendants' degree of success, the complexity of

17     the issues, the efficiency with which the matter was handled, and fee awards in other

18     comparable cases.  See Intel, 6 F.3d at 622.

19         First, Defendants were entirely successful, given that this Court granted their

20     motion to dismiss the Plaintiff's FAC in its entirety, without leave to amend.  See

21     Order.  Courts have recognized that "[w]here, as here, a prevailing party has obtained

22     excellent results, his attorney should recover a fully compensatory fee.  **Normally,**

23     **this will encompass all hours reasonably expended in the litigation**[.]"  Mathis v.

24     Spears, 857 F. 2d 749, 755 (Fed. Cir. 1988) (emphasis added).

25         Second, the hours spent were reasonable in light of the complexity of the

26     issues and the nature of the case.  Defendants' motion to dismiss required them to

27     demonstrate that the works were not substantially similar with respect to plot, pace,

28     characters, and the other "extrinsic" elements noted above.  Zella, 529 F. Supp. 2d at

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1133; <u>see</u> Order, p. 10-18.  This, in turn, required careful review and analysis by defense counsel of all the elements in Plaintiff's 146-page Manuscript and Defendants' feature-length Film.  In support of the motion, defense counsel also researched, reviewed and presented numerous authorities not only discussing the law, but also demonstrating that the alleged similarities between the two works (including the discussion of "resurrection," and the use of dream sequences) consisted entirely of generic, previously published elements.  <u>See</u> Order, pp. 6-7 (granting judicial notice); Dkt. No. 51-2 (evidence supporting request for judicial notice).

<u>Third</u>, Plaintiff was seeking injunctive relief and damages in an amount based on the Film's box office gross, and a ten percent royalty.  <u>See</u> FAC, ¶ 38.  Moreover, Plaintiff's most recent settlement demand was for $750,000.  Ex. 3.  Accordingly, this matter involved substantial amounts of money, as well as the disposition of extremely valuable rights related to a theatrical feature film.  The amount of attorneys' fees incurred by Defendants represents only a small percentage of the relief sought by Plaintiff.  <u>See</u> <u>Maloney</u>, 2015 WL 3879634, at *10 n.6 ("[c]ertainly the size of the fee award in this case was driven by the stakes of the litigation.").  In light of the stakes here, and the early and efficient disposition of this matter, the hours spent defending this action were entirely reasonable.

<u>Fourth</u>, the amount requested is easily within the range of fees awarded to prevailing defendants in other comparable copyright actions.  For example, two years ago in <u>Teixiera</u>, the court awarded $117,741 in attorneys' fees to the defendants, after they – like Defendants here – succeeded in obtaining a dismissal with prejudice of the plaintiff's copyright action on a Rule 12(b)(6) motion.  <u>See</u> <u>also</u> <u>Wild v. NBC Universal</u>, No. CV103615GAFAJWX, 2011 WL 12877031, at *3 (C.D. Cal. July 18, 2011) (awarding $113,041.85 in attorneys' fees and costs for defendants' success in a copyright action through the granting of a motion to dismiss with prejudice).

The amount requested is also reasonable when compared to the far higher awards in similar copyright actions that proceeded to summary judgment.  <u>See</u>, <u>e.g.</u>,

13

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

<u>Mattel, Inc. v. Walking Mountain Productions</u>, 2004 WL 1454100, at *2 (C.D. Cal. June 21, 2004); (awarding defendant $1,584,089 in attorney's fees and $241,797.09 in costs); <u>Gilbert v. New Line Prods.</u>, 2013 U.S. Dist. LEXIS 23993, at *2-3 (C.D. Cal. Feb. 20, 2013) (noting awards of $815,701 in fees to defendants' California counsel, and an additional $79,282 to counsel in North Carolina); <u>Milton Greene Archives, Inc. v. BPI Communs., Inc.</u>, 2006 U.S. Dist. LEXIS 101392 (C.D. Cal. Mar. 8, 2006) (awarding more than $765,000 in attorneys' fees in copyright action).

This Court's decision in <u>Maloney</u> is also instructive. There, this Court awarded the prevailing defendants $195,838.50 in fees based on 546.5 hours of work after granting their Special Motion to Strike under California Code of Civil Procedure § 425.16 (the "SLAPP" statute). <u>Id.</u> at *10. This is analogous to the current action because, although a SLAPP motion permits the use of evidence, it also presents an attack on the pleadings at an early stage; in this case, Defendants properly introduced substantial material that had been incorporated by reference into the pleadings and was properly the subject of judicial notice. <u>E.g.</u>, Dkt. Nos. 51-1.

These authorities all support the reasonableness of Defendants' requested fees.

## V.   CONCLUSION.

For all of the foregoing reasons, Defendants request this Court, pursuant to 17 U.S.C. § 505, to order Plaintiff to pay Defendants' reasonable attorneys' fees in the amount of $78,307. Defendants also request this Court to award them any additional fees incurred in connection with further proceedings before this Court in an amount to be established in a subsequent filing.

DATED:  July 21, 2017

DAVIS WRIGHT TREMAINE LLP
KELLI L. SAGER
ERIC M. STAHL
DIANA PALACIOS


By:＿＿＿＿＿＿_/s/ Kelli L. Sager_＿＿＿＿＿
                      Kelli L. Sager

Attorneys for Defendants

MOTION TO RECOVER ATTORNEYS' FEES
4832-1514-8108v.5 0103245-000004

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899