KELLI L. SAGER (State Bar No. 120162)
kellisager@dwt.com
ERIC M. STAHL (State Bar No. 292637)
ericstahl@dwt.com
DIANA PALACIOS (State Bar No. 290923)
dianapalacios@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, Suite 2400
Los Angeles, CA 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendants
BLUMHOUSE PRODUCTIONS, LLC;
JASON BLUM; JEREMY SLATER;
LIONS GATE FILMS, INC.;
JEANETTE BRILL; LUKE DAWSON;
ROBYN MARSHALL; JIMMY MILLER;
RICK OSAKO; and CODY ZWIEG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CHRISTOPHER "CHRIS" WAYNE FILLMORE, an individual,

Plaintiff,

vs.

LIONSGATE FILMS; JASON BLUM individually and/or d/b/a Blumhouse Productions, a proprietorship; JEANETTE BRILL individually and/or d/b/a Blumhouse Productions, a proprietorship; LUKE DAWSON individually; MATTHEW KAPLAN individually and/or d/b/a Chapter One Films, a proprietorship; ROBYN MARSHALL individually and/or d/b/a Chapter One Films, a proprietorship; JIMMY MILLER individually and/or d/b/a Mosaic Management & Production, a proprietorship; RICK OSAKO individually and/or d/b/a Catchlight Films, a proprietorship; JEREMY SLATER, individually; CODY ZWIEG individually; and DOES 1-10 inclusive,

Defendants.

Case No. **2:16-CV-04348-AB-SS**

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

Hearing Date: August 18, 2017
Time: 10:00 a.m.
Courtroom: 7B

[Declaration Of Eric Stahl With Exhibit 1 Concurrently Filed.]

# TABLE OF CONTENTS

**Page**

I. SUMMARY OF ARGUMENT ..... 1

II. FACTUAL BACKGROUND ..... 3

III. PLAINTIFF HAS NOT IDENTIFIED AND CANNOT DEMONSTRATE ANY PERMISSIBLE BASIS FOR RECONSIDERATION. ..... 5

IV. PLAINTIFF'S ASSERTED GROUNDS FOR RECONSIDERATION ALL FAIL ON THE MERITS ..... 7

A. The Court Applied The Correct Pleading Standard, and a More Lenient Reading of the FAC Would Not Have Saved It From Dismissal. ..... 7

B. This Court's Limited Use of Judicial Notice Was Entirely Proper and Supported By Substantial Precedent. ..... 9

C. Plaintiff Was Not Entitled To Discovery, and Could Not Have Relied On It To Evade Dismissal. ..... 11

V. CONCLUSION ..... 12

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

Page(s)

## Cases

389 Orange St. Partners v. Arnold,
179 F.3d 656 (9th Cir. 1999) .......... 5

Ashcroft v. Iqbal,
556 U.S. 662 (2009) .......... 8

Balik v. Spiral Toys Inc.,
2016 WL 7496134 (C.D. Cal. Feb. 1, 2016) .......... 8

Basile v. Sony Pictures Entm't Inc.,
2014 WL 12521344 (C.D. Cal. Aug. 19, 2014), aff'd, 678 Fed. Appx. 473 (9th Cir. 2017) .......... 8

Bell Atlantic Corp. v. Twombly,
550 U.S. 544 (2007) .......... 8

Carroll v. Nakatani,
342 F.3d 934 (9th Cir. 2003) .......... 5

Dairy Employees Union Local No. 17 v. Ferreira Dairy,
2015 WL 1952308 (C.D. Cal. Apr. 28, 2015) .......... 1, 5

Gadh v. Spiegel,
2014 WL 1778950 (C.D. Cal. 2014) .......... 11

Grigoryan v. Experian Info. Solutions, Inc.,
2015 WL 1909584 (C.D. Cal. Apr. 27, 2015) .......... 5, 6

Hayes v. Minaj,
2013 WL 12138583 (C.D. Cal. Aug. 13, 2013) .......... 8

Health Facilities of California Mut. Ins. Co. v. British American Ins. Group, Ltd.,
2011 WL 1296488 (C.D. Cal. Apr. 5, 2011) .......... 6

Hsu v. Puma Biotechnology, Inc.,
213 F. Supp. 3d 1275 (C.D. Cal. 2016) .......... 10

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Hughes v. Rowe,
449 U.S. 5 (1980) ........ 8

Kona Enterprises, Inc. v. Estate of Bishop,
229 F.3d 877 (9th Cir. 2000) ........ 6

Kouf v. Walt Disney Pictures & Television,
16 F.3d 1042 (9th Cir. 1994) ........ 9

Marder v. Lopez,
450 F.3d 445 (9th Cir. 2006) ........ 10

Mission Power Eng'g Co. v. Cont'l Cas. Co.,
883 F. Supp. 488 (C.D. Cal. 1995) ........ 3

Patnaik v. Hearst Corp.,
2015 WL 12746704 (C.D. Cal. Jan. 7, 2015) ........ 8

Puckett v. Hernandez,
2016 WL 7647555 (C.D. Cal. Dec. 21, 2016) ........ 8

R.G. Fin. Corp. v Vergara-Nunez,
446 F.3d 178 (1st Cir. 2006) ........ 4

Reed v. Fed. Nat'l Mortgage Ass'n,
2014 WL 12639105 (C.D. Cal. Sept. 10, 2014) ........ 7

School Dist. No. 1J, Multnomah County v. ACandS, Inc.,
5 F.3d 1255 (9th Cir. 1993) ........ 5, 6

Silas v. Home Box Office, Inc.,
201 F. Supp. 3d 1158 (C.D. Cal. 2016) ........ 11

Sprewell v.Golden State Warriors,
266 F.3d 979 (9th Cir. 2001) ........ 8

Townsend v. Nat'l Arbitration Forum, Inc.,
2012 WL 12882711 (C.D. Cal. July 17, 2012) ........ 7

United States v. Ritchie,
342 F.3d 903 (9th Cir. 2003) ........ 12

Zella v. E.W. Scripps Co.,
529 F. Supp. 2d 1124 (C.D. Cal. 2007) ........ 9, 11

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**Rules**

Federal Rule of Civil Procedure
8(a)(2) .......... 7
12 .......... *passim*
26 .......... 12
59(e) .......... 5
60(b)(6) .......... 5

Federal Rule of Evidence 201 .......... 11

Local Rule 7-3 .......... 3

Local Rule 7-18 .......... *passim*

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Blumhouse Productions, LLC (identified erroneously as "Blumhouse Productions, a proprietorship"), Jason Blum, Jeremy Slater, Lions Gate Films, Inc., Jeanette Brill, Luke Dawson, Robyn Marshall, Jimmy Miller, Rick Osako, and Cody Zwieg (collectively, "Defendants") respectfully submit this Opposition to Plaintiff Chris Fillmore's Motion for Reconsideration, Dkt. No. 96, which seeks to reargue the merits of Defendants' successful Motion To Dismiss. Because Plaintiff's Motion does not present any permissible grounds for reconsideration, the Motion should be denied.

## I. SUMMARY OF ARGUMENT

On July 7, 2017, this Court dismissed Plaintiff's First Amended Complaint ("FAC") with prejudice. Dkt. No. 94 ("Order"). The Court held Defendants' feature horror film "The Lazarus Effect" ("Film") did not infringe Plaintiff's unpublished murder mystery ("Manuscript") because, among other things, the works were not substantially similar. Order, pp. 11-18. This holding was based on a comparison of the works, as required under the Ninth Circuit's well-established test for "substantial similarity."

Not surprisingly, Plaintiff is unhappy with this decision. But that does not permit him to burden the Court or Defendants by attempting to argue the merits again. Motions to reconsider are disfavored, and "should not be granted, absent highly unusual circumstances." Dairy Employees Union Local No. 17 v. Ferreira Dairy, 2015 WL 1952308, at *1 (C.D. Cal. Apr. 28, 2015) (emphasis added). In fact, such motions are considered only if they allege a change in applicable law, a new material fact that could not have been presented previously, or a manifest disregard of evidence. See Local Rule 7-18. Plaintiff's Motion does not meet any of these criteria. Nor does he offer any arguments that he could not have raised in his response to Defendants' Motion To Dismiss. Because he fails to meet the stringent

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

threshold requirements for reconsideration, the Court should deny his Motion for this reason alone. See Section III, infra.

Furthermore, even if Plaintiff's grounds for reconsideration were properly before the Court (and they are not, given his failure to meet Local Rule 7-18's threshold requirements), none of the arguments he makes in the Motion provides any basis for this Court to reverse its Order dismissing the FAC.

First, Plaintiff argues a pro se litigant should be held to a "less rigorous pleading standard." Motion, p. 3. But this Court dismissed the FAC not merely based on a pleading deficiency; it found the works at issue were, on their face, too dissimilar to support any infringement claim. As this Court has already held, Plaintiff cannot "replead his claim to overcome his inability to prove that the works are substantially similar." Order, p. 18. Plaintiff's lawsuit is not held to a different legal standard merely because he is representing himself. See Section IV.A, infra.

Second, Plaintiff asserts that the Court made "excessive" use of judicial notice. Motion, p. 3. This also is incorrect: courts deciding motions to dismiss copyright claims routinely take notice of the works at issue, and of common literary elements, just as the Court did here. Order, p. 6. All of the points for which Defendants sought judicial notice – for example, that the Bible describes Lazarus being raised from the dead – are proper subjects of judicial notice (and are not disputed). Plaintiff does not argue otherwise. See Section IV.B, infra.

Third, Plaintiff claims he was deprived of discovery. Motion, p. 3. Notably, Plaintiff does not identify any specific discovery he would have pursued, or any fact he might have discovered, that might have saved his case from dismissal. Because he would still have been required to show substantial similarity of protectable expression – which the Court properly found was missing here – nothing Plaintiff could learn from discovery would have changed the result. In addition, Plaintiff was not entitled to discovery prior to responding to the Motion To Dismiss, and he would

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

not have been permitted to support his response with any facts outside the scope of his pleading. See Section IV.C, infra.

For these reasons, discussed in more detail below, Defendants respectfully request this Court to deny Plaintiff's Motion.[1]

## II. FACTUAL BACKGROUND

Plaintiff filed this action in the Southern District of Indiana on June 9, 2016. Dkt. No. 1. That court sua sponte transferred the matter to this Court. Dkt. Nos. 4, 7. Plaintiff did not immediately serve the complaint. On February 17, 2017, he moved to amend the complaint, and he filed the FAC on March 21, 2017. Dkt. Nos. 34, 43.

On April 7, 2017, Defendants Blumhouse Productions, LLC and Jeremy Slater filed a timely Motion To Dismiss under Fed. R. Civ. P 12(b)(6). Dkt. No. 51. The other Defendants, who were served after Blumhouse and Slater, later joined in that motion. Dkt. No. 60.

With their Motion To Dismiss, Defendants also filed a Request for Judicial Notice ("RJN"), seeking notice of (i) the works at issue (the Film and the Manuscript); and (ii) certain undisputable facts regarding common literary elements and historic facts about the biblical figure Lazarus. Dkt. No. 51-1. Both the Motion To Dismiss and the RJN cited substantial authority explaining why it was proper for the Court to take judicial notice of these items. Id., pp. 3-7; Dkt. No. 51, p. 16.

Plaintiff responded to the Motion To Dismiss on April 10, 2017, filing a memorandum in opposition and over 100 pages of exhibits. Dkt. No. 56. His

[1] Plaintiff emailed Defendants' counsel on July 14, 2017, stating that he planned to file an ex parte application for reconsideration on July 17, on the ground that the Order was "prejudicial." Defense counsel responded by email the same day, pointing out that an ex parte application would be procedurally improper (see Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995)), and stating that Defendants saw no basis for a motion for reconsideration. The parties had no further communication about this Motion, which Plaintiff filed the next court day, July 17. See Stahl Decl. ¶ 2 & Ex. 1. Although this plainly did not satisfy Local Rule 7-3, given Plaintiff's aggressive litigation posture throughout this case, Defendants' counsel do not believe a Rule 7-3 conference would have dissuaded Plaintiff from filing his improper Motion.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

opposition did not state that Plaintiff needed discovery to respond to the motion (or even mention discovery), nor did he file a motion seeking discovery. Plaintiff did not object to Defendants' RJN; to the contrary, his own opposition brief cited authority for the proposition that on a motion to dismiss, a district court "may supplement the facts contained in the pleadings by considering documents fairly incorporated therein and facts susceptible to judicial notice." Id. p. 4 n.5 (citing R.G. Fin. Corp. v. Vergara-Nunez, 446 F.3d 178, 182 (1st Cir. 2006)).

On July 7, 2017, after the matter had been fully briefed, this Court issued a 19-page ruling that granted Defendants' motion and dismissed the FAC with prejudice. The Court held, first, that it was proper to take judicial notice of the content of the two works, as well as the generic literary elements and undisputable facts cited by Defendants. Order, pp. 5-6. Second, the Court found Plaintiff failed to state a claim of copyright infringement, because the FAC did not adequately allege either of the two elements of actionable copying – access and substantial similarity. Id., p. 7. As to access, the Court found Plaintiff had failed to plead "more than a bare possibility that Defendants had access to the Manuscript." Order, p. 10. As to substantial similarity, the Court compared the two works and their extrinsic elements (that is, their "plot, theme, dialogue, mood, setting, pace, characters, and sequence of events"), and concluded the Film was not substantially similar to Plaintiff's Manuscript. Id., pp. 10-18.

Finally, the Court found dismissal with prejudice was appropriate, because its holding was based on the content of the works, and no amendment could "overcome [Plaintiff's] inability to prove that the works are substantially similar." Id., pp. 18-19.

On July 7, 2017, the same day the Court entered the Order, Plaintiff filed a Notice of Appeal. Dkt. No. 95. On July 17, 2017, Plaintiff filed his Motion for Reconsideration. Dkt. No. 96.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## III. PLAINTIFF HAS NOT IDENTIFIED AND CANNOT DEMONSTRATE ANY PERMISSIBLE BASIS FOR RECONSIDERATION.

It is well established that motions for reconsideration "are disfavored and [] rarely granted." Grigoryan v. Experian Info. Solutions, Inc., 2015 WL 1909584, at *1 (C.D. Cal. Apr. 27, 2015). Courts have finite resources, and a party seeking to have a court revisit decisions once a matter is adjudicated bears a heavy burden of proof. As the Ninth Circuit has recognized, reconsideration is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003); see also Dairy Employees, 2015 WL 1952308, at *1 ("[a] motion for reconsideration should not be granted, absent highly unusual circumstances.").

Motions for reconsideration are governed by Federal Rules of Civil Procedure 59(e) and 60(b)(6).[2] Under either rule, reconsideration is appropriate only "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993); accord, 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999).

This Court likewise has adopted a specific Local Rule governing motions for reconsideration. Local Rule 7-18 provides that a motion for reconsideration is proper only if it is based on:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change

[2] Rule 60(b)(6) provides that "[o]n motion and just terms," a court may relieve a party from a final judgment or order. Rule 59(e) permits a motion to alter or amend a judgment.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

Local Rule 7-18 (emphasis added).

Plaintiff's Motion does not satisfy any of these criteria. He has not identified any new facts or law to support his motion. Nor does he claim any manifest failure of the Court to consider facts presented previously. See id. He also does not assert that the Order contains any "clear error" or manifest injustice. School Dist. No. 1J, Multnomah County, 5 F.3d at 1263.

Instead, Plaintiff offers three grounds for reconsideration: (i) he is entitled to a more lenient pleading standard because he is pro per; (ii) the Court relied too heavily on judicial notice; and (iii) he was deprived of discovery. As discussed in Section IV below, none of these arguments have merit. But this Court need not even reach these issues, because all of Plaintiff's arguments fail under the standards set forth in the Central District's Local Rules, and because Plaintiff could have raised any or all of these points in his response to Defendants' Motion To Dismiss, but he failed to do so.

A reconsideration motion is not an opportunity for parties to present new arguments and legal theories that could have been previously presented. Grigoryan, 2015 WL 1909584 at *1 ("[r]eargument should not be used as a means to argue … issues that inexcusably were not presented to the court in the matter previously decided"); Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.") (emphasis in original); see also Health Facilities of California Mut. Ins. Co. v. British American Ins. Group, Ltd., 2011 WL 1296488, at *3 (C.D. Cal. Apr. 5, 2011) (if motions for reconsideration permitted party "to complete presenting his case after the court has ruled against him … some lawsuits really might never end, rather than just seeming endless.") (citation omitted).

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

This rule applies equally to pro se litigants. See, e.g., Reed v. Fed. Nat'l Mortgage Ass'n, 2014 WL 12639105, at *1 (C.D. Cal. Sept. 10, 2014) (denying pro se party's reconsideration motion because "[m]ost of the facts presented in the Motion occurred prior to Movant's filing of the original motion and thus are not new, nor were they unknown to Movant at the time of the Order."); Townsend v. Nat'l Arbitration Forum, Inc., 2012 WL 12882711, at *1 (C.D. Cal. July 17, 2012) (denying pro se motion for reconsideration that raised "arguments that could have been raised previously in opposition to Defendants' various motions to dismiss.").

Because Plaintiff's Motion does not raise any new facts, law or argument that he could not have asserted in response to Defendants' Motion To Dismiss, this Court should deny reconsideration on that basis alone.

## IV. PLAINTIFF'S ASSERTED GROUNDS FOR RECONSIDERATION ALL FAIL ON THE MERITS

Even if the arguments raised in Plaintiff's Motion were generously treated as presenting "new" facts or law, or otherwise fell within Local Rule 7-18's strict criteria for reconsideration (which they do not), they are all substantively baseless. For this additional reason, Plaintiff's Motion should be denied.

### A. The Court Applied The Correct Pleading Standard, and a More Lenient Reading of the FAC Would Not Have Saved It From Dismissal.

Plaintiff's first plea for reconsideration is based on his argument that "[a]s a pro se litigant, he was entitled to a less rigorous pleading standard" and a "more lenient interpretation of his complaint." A more lenient interpretation, he argues, would have "foreclosed" Defendants from seeking dismissal under Rule 12(b)(6). Motion, pp. 3, 4. Notably, Plaintiff does not identify how any reading of the FAC could have saved his claim.

But in any event, his argument has no merit. This Court applied the proper pleading standards under the Federal Rules of Civil Procedure. As the Order stated, "Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to provide a 'short and

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

plain statement of the claim showing that the pleader is entitled to relief,'" which must "provide the 'grounds' of his 'entitle[ment] to relief'[.]" Order, p. 3, citing Ashcroft v. Iqbal, 556 U.S. 662 (2009). The Court expressly recognized that in deciding a Rule 12(b)(6) motion, it had to accept as true all material factual allegations in the FAC, but that "plaintiff's claim must be more than a suspicion; the '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" Order p. 3, citing Iqbal, supra, and Sprewell v.Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). These authorities state the law correctly – in fact, Plaintiff cited essentially the same legal standards in his opposition to the Motion To Dismiss. Dkt. No. 56, p. 2.

If Plaintiff is now attempting to claim (despite his own prior argument) that these standards do not apply to pro se plaintiffs, he is mistaken. Although pro se litigants are entitled to some leeway for stating claims "inartfully," Hughes v. Rowe, 449 U.S. 5, 9 (1980), their complaints nonetheless are subject to dismissal under Rule 12(b)(6) if they fail to state a claim that is plausible on its face and rises above the level of mere speculation. Iqbal, 556 U.S. at 678-79; Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Judges in this District routinely have dismissed pro se copyright infringement complaints under Rule 12(b)(6) where these pleading standards have not been satisfied. See, e.g., Puckett v. Hernandez, 2016 WL 7647555, at *5 (C.D. Cal. Dec. 21, 2016); Balik v. Spiral Toys Inc., 2016 WL 7496134, at *3 (C.D. Cal. Feb. 1, 2016); Patnaik v. Hearst Corp., 2015 WL 12746704 (C.D. Cal. Jan. 7, 2015); Basile v. Sony Pictures Entm't Inc., 2014 WL 12521344, at *2 (C.D. Cal. Aug. 19, 2014), aff'd, 678 Fed. Appx. 473 (9th Cir. 2017); Hayes v. Minaj, 2013 WL 12138583, at *2 (C.D. Cal. Aug. 13, 2013).

Moreover, a "more lenient interpretation" of the FAC would not have saved it from dismissal. In finding that Defendants' Film was not substantially similar to, and thus not infringing of, Plaintiff's Manuscript, the Court relied on its review and comparison of the underlying works. Order, pp. 10-18. This review did not rest on

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

the allegations in the FAC; it relied on the content of the works themselves – evaluating the eight extrinsic elements that, under controlling Ninth Circuit law, are properly considered when determining whether the works at issue are substantially similar. Id.; see Kouf v. Walt Disney Pictures & Television, 16 F.3d 1042, 1045 (9th Cir. 1994); Zella v. E.W. Scripps Co., 529 F. Supp. 2d 1124, 1129 (C.D. Cal. 2007). A more lenient construction of the FAC would not have changed the unassailable fact that the Film is completely dissimilar to the Manuscript in its "plot, theme, dialogue, mood, setting, pace, characters, and sequence of events." Order, pp. 10-18.

Notably, Plaintiff does not contend otherwise. Nor does he contest this Court's conclusion that he "cannot replead his claim to overcome his inability to prove that the works are substantially similar." Id., p. 18.[3]

For the foregoing reasons, reconsideration cannot be granted on the ground that Plaintiff is pro se or that the Court applied the wrong pleading standard.

**B. This Court's Limited Use of Judicial Notice Was Entirely Proper and Supported By Substantial Precedent.**

Next, Plaintiff claims reconsideration is warranted due to Defendants' "misuse" of judicial notice. Motion p. 4. This argument should be rejected as a threshold matter because Plaintiff did not challenge or object to any aspect of Defendants' RJN when he responded to the Motion To Dismiss. To the contrary, his opposition agreed that "documents fairly incorporated" in the FAC "and facts

---

[3] As an independent ground for dismissing the FAC, this Court also held Plaintiff had not adequately pleaded that Defendants had access to his Manuscript. Order, p. 8. This holding likewise was not based on a strict reading of the FAC, but on Plaintiff's failure to identify any plausible facts that could support his claim: "Plaintiff does not allege that Plaintiff sent Defendants his Manuscript, Defendants purchased Plaintiff's Manuscript, or that another individual or group of individuals who possessed the Manuscript gave it to Defendants." Id., p. 8. The Court further noted that access could not be inferred from "wide dissemination" of the Manuscript, because the Manuscript was not widely distributed. Id., pp. 9-10. Plaintiff does not and cannot contend that a "less rigorous pleading standard" would permit the Court to read into the FAC alleged facts that are not there, nor has he suggested any plausible amendment that would have addressed this fundamental defect.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

susceptible to judicial notice" could be considered on a motion to dismiss. Dkt. No. 56, p. 4 n.5.

In support of his contention that judicial notice was somehow misused in this case, Plaintiff now cites Hsu v. Puma Biotechnology, Inc., 213 F. Supp. 3d 1275 (C.D. Cal. 2016).[4] In Hsu, a securities fraud case, Judge Andrew Guilford criticized the parties for improperly relying on judicial notice in an effort to introduce evidence extrinsic to the complaint on a Rule 12(b)(6) motion. Id. at 1280-85. In particular, the court faulted the parties for abusing the "incorporation by reference" doctrine, by supporting and opposing a motion to dismiss with substantive evidence that was not incorporated in the pleadings – including press releases, security analyst reports, transcripts of conference calls, and a presentation. Id. at 1282. Must of this material, the court found, extended "the incorporation by reference doctrine" into an "incorporation without reference doctrine." Id. at 1281 (emphasis added).

Nothing in Hsu supports Plaintiff's argument here. The only records Defendants sought to have "incorporated by reference" were the Plaintiff's Manuscript and their Film – that is, the allegedly infringed and infringing works. See Order, p. 5. Both works were identified in and referred to extensively in the FAC, and no party questioned the authenticity of the copies provided. See FAC ¶¶ 2, 3. The decision in Hsu recognizes that under the circumstances presented here, incorporation by reference is appropriate, and permits a court to consider the evidence on a Rule 12(b)(6) motion. See 213 F. Supp. 3d at 1281, citing Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006). Nor is Hsu, a securities case, inconsistent with the substantial authority holding that in copyright infringement cases, courts can take notice of the works at issue and compare them on a motion to dismiss. See, e.g.,

[4] That decision was entered on September 30, 2016, over six months before Defendants filed their Motion To Dismiss. Accordingly, Plaintiff could have raised it in his response to Defendants' Motion To Dismiss, but he did not do so. His attempt to raise new objections at this stage violates this Court's rules.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Zella, 529 F. Supp. 2d at, 1128 (citation omitted); Silas v. Home Box Office, Inc., 201 F. Supp. 3d 1158, 1168 (C.D. Cal. 2016); Gadh v. Spiegel, 2014 WL 1778950 at *7 (C.D. Cal. 2014) ("[f]or fifty years, courts have followed this rather obvious principle and dismissed copyright claims that fail from the face of the complaint.").

Plaintiff's Motion does not suggest this Court erred in taking judicial notice of the Film or his Manuscript. Nor could he argue that any of the six "literary" facts this Court judicially noticed are subject to any reasonable dispute.[5] See FRE 201. Accordingly, the Court's limited reliance on judicial notice was entirely proper and cannot justify Plaintiff's attempt to reargue the motion to dismiss.

**C. Plaintiff Was Not Entitled To Discovery, and Could Not Have Relied On It To Evade Dismissal.**

Plaintiff's final argument is that reconsideration is warranted because he did not have the opportunity to conduct discovery. Motion, p. 5. This argument also fails as a threshold matter, because it could have been raised at the time Plaintiff responded to Defendants' Motion To Dismiss. But his opposition did not even mention discovery, let alone identify any discovery he claimed was needed to respond to the motion. Dkt. No. 56.

The reason for this omission is plain: motions to dismiss address a complaint's "failure to state a claim," and are evaluated from the face of the complaint itself. See Fed. R. Civ. P. 12(b)(6). Other than "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice" – none of which require any discovery – a motion to dismiss must be

---

[5] These facts were: (1) Lazarus is a biblical figure who, according to the New Testament, was raised from the dead by Jesus; (2) the term "The Lazarus Phenomenon" has been used in medical literature to describe an occurrence in which clinically dead humans demonstrate spontaneous signs of life; (3) the name Lazarus has been used in numerous expressive works regarding death and resurrection; (4) the possibility of resurrection is a common element in religious works; (5) bringing the dead back to life is a common element in horror, fantasy and science fiction books and movies; and (6) dream sequences are a common narrative device in works of fiction. See Order, p. 6.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

decided without reliance on extrinsic evidence. United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

Moreover, motions to dismiss are decided, as a matter of course, before discovery commences. A Rule 12(b)(6) motion "must be made before pleading" – in other words, with a defendant's first appearance, before an answer is due (21 days after service in this case). Fed. R. Civ. P. 12(a)(1), (b). Discovery, however, is stayed until the parties confer in advance of a Rule 26(f) scheduling conference. Fed. R. Civ. P. 26(d), (f). In this case, the Court initially scheduled a Rule 26(f) conference for July 17, 2017, which was well after the Motion To Dismiss had been fully briefed. Moreover, on June 26, the parties stipulated to a continuance of that conference, asking the Court to either delay or "reschedule it after the Court rules on Defendants' Motion [To Dismiss]." Dkt. No. 92.[6]

In other words, Plaintiff expressly agreed to a schedule that ensured that discovery would not begin until after the Motion To Dismiss had been decided. He never asked to conduct any discovery, or identified any discovery that he wanted. Nor would he have been permitted, in any event, to submit any evidence obtained in discovery to oppose the Motion To Dismiss. His newly-minted desire for discovery does not provide a basis for reconsideration.

## V. CONCLUSION

This Court's Order granting the Motion To Dismiss was carefully reasoned and entirely consistent with controlling case law. Plaintiff's infringement claims failed because Defendants' Film is not at all similar to any protectable expression in his Manuscript. That conclusion is evident from an examination of the works themselves, and would not be changed by any reconsideration of the pleadings, the

[6] The Court rescheduled the conference for August 21, but took it off calendar after granting the Motion To Dismiss. Dkt. No. 93.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

judicially noticed material, or discovery of extrinsic evidence. Accordingly, this Court should deny Plaintiff's motion for reconsideration.

DATED: July 24, 2017

DAVIS WRIGHT TREMAINE LLP
KELLI L. SAGER
ERIC M. STAHL
DIANA PALACIOS

By: */s/ Kelli L. Sager*
Kelli L. Sager

Attorneys for Defendants

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899