UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No.: | CV 16-04348 AB (SSx) | Date: | August 15, 2017 |

Title: *Christopher Wayne Fillmore v. Jason Blum, et al.*

Present: The Honorable **ANDRÉ BIROTTE JR., United States District Judge**

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER **DENYING** PLAINTIFF'S MOTION FOR RECONSIDERATION (Dkt. No. 96) and **DENYING** DEFENDANTS' MOTION FOR ATTORNEYS' FEES (Dkt. No. 99)

Before the Court is pro se Plaintiff Chris Fillmore's ("Plaintiff") Motion for Reconsideration (Dkt. No. 96) and Defendants' Motion for Attorneys' Fees (Dkt. No. 99). Oppositions and replies were filed with respect to both Motions. The Motions are suitable for disposition without oral argument so the Court **VACATES** the hearing set for August 18, 2017. *See* Fed. R. Civ. Proc. 78, Local Rule 7-15. For the following reasons, the Court **DENIES** both Motions.

### I. MOTION FOR RECONSIDERATION

Plaintiff alleges that Defendants' Film infringes on his copyrighted Manuscript. On July 7, 2017, the Court issued an Order granting the Defendants' motion to dismiss, and dismissed the action with prejudice. *See* Order (Dkt. No. 94). The Court determined that

Plaintiff would not be able to prove that Defendants copied protected elements of his Manuscript for two reasons. First, the Court found that the facts Plaintiff pled to demonstrate that Defendants had access to his Manuscript established, at most, no more than a bare possibility that Defendants had access. Second, after taking judicial notice of Plaintiff's Manuscript and Defendants' Film and comparing them, the Court found that they were not substantially similar as to any protectable elements. Plaintiff now seeks reconsideration of that Order.

### A. Legal Standard

Rule 54(b) states that a court may revise "any order or other decision . . . that adjudicates fewer than all claims or the rights and liabilities or fewer than all the parties . . . at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities."

Rule 60(b) allows for reconsideration only upon a showing of (1) mistake, inadvertence, surprise or excusable neglect, (2) newly discovered evidence that by due diligence could not have been discovered before the court's decision, (3) fraud by the adverse party, (4) a void judgment, (5) a satisfied or discharged judgment, or (6) any other reason justifying relief. *See* Fed. R. Civ. P. 60(b). Subparagraph (6) requires a showing that the grounds justifying relief are extraordinary; the mere dissatisfaction with the court's order or the belief that the court's decision was wrong are not grounds for relief. *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981).

Local Rule 7-18 provides that a motion for reconsideration may only be made on the grounds of "(a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision."

A motion for reconsideration may not in any manner repeat any oral or written argument made in support of or in opposition to the original motion. *Id.* Indeed, "a mere attempt by [the moving party] to reargue its position by directing [the] court to additional case law and . . . argument[s] which [it] clearly could have made earlier, but did not . . . is not the purpose of motions for reconsideration under Local Rule 7-18." *Yang Ming Marine Transport Corp. v. Oceanbridge Shipping Int'l, Inc.*, 48 F. Supp. 2d 1049, 1057 (C.D. Cal. 1999).

### B. Discussion

Plaintiff presents no meritorious basis for reconsideration under any rule. He primarily faults the Court for taking judicial notice of the works in issue and for disposing of the case on the pleadings and before discovery could be completed. However, these are not new arguments; Plaintiff raised them in the briefing on the motion to dismiss. The Order explained the legal basis for taking judicial notice of the works, and for comparing the works and disposing of the case at the pleading stage. Briefly, whether the works are substantially similar can be determined simply by comparing them; no other evidence is needed, so discovery was simply not relevant, and the case was not disposed of prematurely.

Plaintiff also suggests that the Court applied a too-strict pleading standard to his pro se First Amended Complaint. However, again, the Court did not dismiss Plaintiff's case because his FAC was poorly pled or due to curable omissions or technical deficiencies; rather, the Court found that the works were not substantially similar, so there could be no copying. As to the element—access—that the Court found inadequately pled, it was not because the pleading was poor; rather, the FAC included thorough allegations, but they could not add up to a sufficient likelihood of access to establish copying.

In sum, there are no grounds for reconsidering the Order. Plaintiff's Motion for Reconsideration is **DENIED**.

## II. MOTION FOR ATTORNEYS' FEES

Defendants move to recover their attorneys' fees under 17 U.S.C. § 505, which permits the court, in its discretion, to award reasonable attorneys' fees to the prevailing party. Defendants seek $94,726.50 in fees as of the Reply.

### A. Legal Standard

An award of attorneys' fees under the Copyright Act is a matter of discretion, not of right. *Fogerty v. Fantasy, Inc.* ("*Fogerty I*"), 510 U.S. 517, 533 (1994). Under section 505, "[p]revailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." *Id.* at 534. In determining whether, and how extensively, courts should exercise that discretion, "[d]istrict courts should consider, among other things, [1] the degree of success obtained; [2] frivolousness; [3] motivation; [4] objective unreasonableness (both in the factual and legal arguments in the case); and [5] the need in particular circumstances to advance considerations of compensation and deterrence." *Historical Research v. Carbal*, 80 F.3d 377, 378 n.1 (9th Cir. 1996). Each of these factors is merely a guidepost in the

exercise of the court's "equitable discretion" and "courts are not limited to considering them." *Fantasy, Inc. v. Fogerty* ("*Fogerty II*"), 94 F.3d 553, 559 (9th Cir. 1996).

### B. Discussion

Having considered these factors, the Court declines to award Defendants attorneys' fees.

The first factor unequivocally favors Defendants: they achieved complete success. However, the Court cannot find that Plaintiff's case was frivolous or objectively unreasonable when he filed it and pursued it through the district court. Nor can the Court conclude that Plaintiff's motivation was improper: Plaintiff's understanding of copyright law is rudimentary, but he appears to sincerely believe that Defendants copied his Manuscript, and he sought to remedy that perceived wrong. The final factor—compensation and deterrence—slightly favors Defendants: the correspondence between Plaintiff and defense counsel shows that Plaintiff resists reconsidering the strength of his case or taking the Order's analysis to heart, but instead is single-minded in his intention to pursue an appeal. Appeals with little change of success should be deterred. On the other hand, Plaintiff's case was not patently frivolous, so the deterrence factor has slight weight in this case.

On balance, the factors do not support an award of fees: the case was not patently frivolous or unreasonable at the outset, and Plaintiff's motive was not obviously improper. The Court finds these factors more significant than those that favor Defendants. Defendants' Motion for an Award of Attorneys' Fees is **DENIED**.

### III. CONCLUSION

For the foregoing reasons, the Motions are **DENIED**.

**IT IS SO ORDERED.**